ATLANTIC, TENNESSEE AND OHIO RAILROAD CO. v. J. K. PURI-
FOY et als.

### *Issues— Verdict.*

1. The verdict must be taken in connection with, and interpreted by the issue, and when by necessary implication the answer to the issue disposes of the matter in controvery, it will not be set aside, although not so full as might be desirable.

2. So, where in an action to set up a lost deed, the jury found that the defendant had not executed a deed for any part of the land, but did not specifically find that no deed was ever executed, *it was held*, that the verdict was sufficiently responsive.

CIVIL ACTION, tried before *Shipp, Judge*, and a jury, at August Term, 1885, of MECKLENBURG Superior Court.

The following is a copy of the issues submitted to the jury on the trial, and the response to the first one. They did not respond to the second and third ones:

I. " Did Mortimer Johnson execute and deliver a deed to the Atlantic, Tennessee and Ohio Railroad company in 1859 or 1860, for the land in controversy, or any part thereof? If so, what part?" Answer: " No part."

II. " Has same been lost or destroyed?

III. " When was the deed lost or destroyed, if lost or destroyed?"

It appears from the case stated on appeal, that upon the rendition of the verdict set out in the record, the counsel for plaintiff moved in arrest of judgment, upon the ground that the verdict was not a proper response to the issue, and was insensible; and also moved that the verdict be set aside, and a new trial granted. The Court refused the motion of the counsel of plaintiff, and rendered judgment for the defendant.

Plaintiff appealed to Supreme Court.

*Mr. R. D. Johnston*, for the plaintiff.
*Mr. T. M. Pittman*, for the defendants.

MERRIMON, J. (after stating the facts). It had been better if the jury had answered in terms and formally each question embraced by the first issue. But by plain and necessary implication, the response to it is, in effect, a negative answer to each of these questions. The verdict must be taken and interpreted in connection with the issue, and thus interpreted, it unmistakably implies that there was no such deed as that described in the issue, for any part of the land in question. If there was no such deed for any part of the land, then there was none such as inquired about. There was, therefore, no such deed lost or destroyed at any time, and hence, the second and third issues were immaterial, and a verdict upon them was unnecessary.

The verdict was intelligible, and in effect, ascertained the fact in question. It was clearly not void, and the Court properly declined to so declare. If in any aspect of the matter, the Court could see that the plaintiff had suffered prejudice because the verdict was not fuller and more explicit, it might have set it aside, and directed a new trial; but it seems that the Court was satisfied with it, and therefore refused to grant the motion of the appellant in the exercise of its discretionary power.

There is no error, and the judgment must be affirmed.

No error. Affirmed.