## C. T. TODD v. J. II. MACKIE.

(Filed 13 November, 1912.)

1. Contracts—Interpretation—Damages—Verdict—Facts Established —Issues—Answers—Subject-matter in Suit—Compromise—Notice.

In an action to recover damages for a breach of contract to sell lands, it was found by the jury in response to the first and sixth issues, that the defendant contracted to sell the lands to the plaintiff if he should recover them by judgment or compromise of a suit pending between himself and another. The suit in that action terminated by the defendant in this action receiving $4,500, but it was contended by the plaintiff that that suit was prosecuted in good faith or in fact, but that the defendant in the present action received the sum of $4,500 for the sale of the land to the defendant, in that suit under a pretended compromise. The court having charged the jury that the compromise must have been made in good faith, and by their findings upon the issues the fact of good faith having been established, it is *Held*, (1) by the contract established between the parties the plaintiff cannot recover damages for a breach of defendant's contract to sell the land, as it was only operative in the event the defendant recovered the land contracted for, his right to compromise existing under the conflict established; (2) there being no stipulation in the contract established requiring that ·the defendant submit to the plaintiff any matter of compromise arising in the pending suit, the defendant's failure to do so cannot create a liability to the plaintiff for the damages sought; (3) it was unnecessary for the jury to have answered the other

issues in this case, relating to the plaintiff's readiness and ability, etc., to pay for the land, tender, etc.; these questions becoming immaterial by the answers to the other issues.

### 2. Pleadings—Judgment Non Obstante—Practice.

In this case, there being no matter set up in avoidance of the cause of 'action alleged, a judgment *non obstante veredicto* could not have been granted.

### 3. Appeal and Error—Basis of Assignments of Error—Procedure.

Assignments of error must be based upon exceptions duly taken, and the exceptions must have as their basis some ruling of the court appearing affirmatively in the record, and not depending for their existence upon statements made in the exceptions or assignments.

### 4. Appeal and Error—Record—Instructions—Presumptions.

The presumption on appeal is in favor of the correctness of the charge to the jury, and exceptions thereto will not be considered unless the charge is sent up with the record.

### 5. Appeal and Error—Certiorari—Laches—Procedure.

The plaintiff's motion for a *certiorari* having been disallowed at a former term of the Supreme Court without prejudice, for the purpose of allowing him to renew his motion after he had applied to the trial judge to correct the case in the particular set out in his petition, *Held*, the plaintiff should have again moved the court for the writ before the call of the district to which the case belonged, and it comes too late after argument and after the case has been submitted to the court for decision, which other business of the counsel, and their inadvertence to the time of calling the district, will not excuse. Supreme Court Rule 41.

APPEAL by plaintiff from *Daniels, J.,* at Fall Term, 1911, of YADKIN.

This action was brought to recover damages for breach of a contract to sell land. A cause of action for specific performance was alleged, but afterwards abandoned. The jury returned the following verdict:

1. Did the defendant contract in writing to convey to the plaintiff the lands described in the complaint, as alleged in the complaint? Answer: No.

2. Was the plaintiff ready, willing, and able to comply with his part of the contract?

160—23

3. Did the defendant, in violation of his contract with the plaintiff, convey the said lands to D. E. Dobbins, and thereby render it impossible for him to comply with his contract?

4. What damage has plaintiff sustained?

5. Was the contract between plaintiff and defendant that the plaintiff was to have the lands if the defendant got the same by judgment or compromise of the pending suit between J. H. Mackie and D. E. Dobbins and wife? Answer: Yes.

6. Was this condition or proviso left out of the paper-writing sued on by the ignorance or mistake or inadvertence of the draftsman? Answer: Yes.

7. Did the plaintiff tender the purchase money to the defendant within three months from 1 May, 1909?

Plaintiff alleged that the defendant had not really compromised the suit with Dobbins, but had sold the land to him for $4,500, without plaintiff's consent, and that there was no compromise in good faith. He therefore requested the court to charge the jury that "If the defendant sold the land to Dobbins for the sum of $4,500 before the term of the court at which the case stood for trial, without the knowledge or consent of the plaintiff, then he would be liable to plaintiff for the difference between the price agreed upon and the price received." This instruction was refused, and plaintiff excepted. At the close of the charge, the judge asked counsel for the parties if any other instruction was desired, when the plaintiffs requested him to charge the jury, "that in passing upon the issues, they should take into consideration the motive of the defendant, whether he acted in good faith in making the compromise, which he claimed the right to make, or whether he meant to violate his contract in order to get an increased price." This instruction was given. No other instruction was requested.

Plaintiff excepted to the rulings of the court as follows:

1. The court charged that if the jury finds that the contract is as alleged by the defendant in his answer, then they are to answer the first issue "No."

2. The court charged the jury that if they answered the first issue "No," and the fifth and sixth issues "Yes," then they need not answer the other issues.

3. The court charged the jury that if the defendant sold the lands to Dobbins *bona fide* to settle a long existing lawsuit, he would not be liable for damages.

4. The failure of the court to charge the jury that if the defendant sold the lands to Dobbins for the sum of $4,500 before the term of the court at which the case stood for trial, without the knowledge and consent of the plaintiff, then he would be liable to the plaintiff for the difference between the price agreed upon and the price received.

5. The court refused to have the jury answer the second, third, and fourth issues submitted.

6. The court failed to render judgment for the plaintiff, notwithstanding the verdict, from the record and facts admitted.

7. The court rendered judgment in favor of the defendant.

Plaintiff excepted and appealed from the judgment upon the verdict.

*A. E. Holton for plaintiff.*
*E. L. Gaither for defendant.*

WALKER, J., after stating the case: The charge of the court is not in the record, and therefore we cannot judicially see that instructions were given as stated in the first three exceptions. If the contract was correctly set forth in the answer, the jury could not answer the first issue in the affirmative, the contract as stated in the first issue being an unconditional one. The jury, by the answer to the fifth issue, have found what were the terms of the contract, viz., that defendant agreed to convey the land to plaintiff, subject, however, to the result of the pending suit between him and Dobbins. If the land came to him by the judgment or in the settlement, it was to be conveyed to plaintiff, but not so if it went to Dobbins. The court charged the jury that the compromise must have been conducted in good faith. The jury have, therefore, virtually found that defendant did not get the land in the compromise, though the right was reserved to him in the contract with plaintiff, as the jury find, to settle with Dobbins, which he did in good faith.

The answers of the jury to the first, fifth, and sixth issues made it unnecessary to answer the second and third issues. The

negative answer given to the first issue, without regard to the answers to the fifth and sixth, had the same effect. The second and third issues referred to the contract mentioned in the first, and if there was no such contract, there could, of course, be no performance or violation of it, and consequently no damages for its breach. *Purnell v. Purnell,* 89 N. C., 42; *R. R. v. Purifoy,* 95 N. C., 302. Under the terms of the contract, as stated in the answer and as settled by the verdict of the jury, defendant had the right to sell to Dobbins or to surrender the land in settlement of the suit between them of long standing. Plaintiff having contracted to buy the land subject to this clear right, as expressed in the agreement between defendant and Dobbins, cannot complain if it was exercised in good faith, which the jury decided to be the fact.

The plaintiff's first or written prayer for instruction, if proper in itself, was substantially given in the court's response to the second, or oral, prayer. It does not follow, because the defendant sold the land without the knowledge or consent of plaintiff before the term of the court at which the case was docketed for trial, for the sum of $4,500, that defendant is liable for the difference between that amount and the price received. There was no stipulation in the contract between plaintiff and defendant, as found by the jury, that the land should not be sold without plaintiff's knowledge and consent. We suppose that plaintiff intended by this prayer to challenge the good faith of the transaction between defendant and Dobbins, and to insist before the jury that it was a mere subterfuge concocted to avoid compliance by the defendant with his promise to sell the land to plaintiff. If so, this contention was open to him under the instruction as to good faith, which was given by the court at the request of the plaintiff. If plaintiff desired a more specific issue or instruction, presenting the question whether the compromise was a sham or pretense intended for the purpose of evading the obligation of his contract, he should have asked for it. *Simmons v. Davenport,* 140 N. C., 407 (Anno. Ed.), and cases cited. The court properly entered judgment for the defendant upon the verdict. There is nothing which entitled the plaintiff to a judgment, in view of the findings of the jury. The

motion for judgment *non obstante veredicto* could not have been granted. There was no matter set up in avoidance. Referring to a similar motion, the Court said in *Moye v. Petway,* 76 N. C., 327: "The motion for judgment in favor of the plaintiff *non obstante veredicto* has nothing to rest on; that practice is very restricted and is confined to cases where a plea confessed cause of action and the matter relied upon in avoidance is insufficient. In such cases the plaintiff may sign judgment as on *nil dicit,* treating the plea as 'a sham one,' and, even if he traverses the matter relied on in avoidance, although the issue be found against him, he is still allowed to take judgment notwithstanding the verdict. This practice was adopted to discourage 'sham pleas.' Here there is no 'sham plea' in the case." *Ward v. Phillips,* 89 N. C., 215; *Walker v. Scott,* 106 N. C., 56; *Riddle v. Germanton,* 117 N. C., 387.

It appearing in the case that defendant did not get the land in his negotiation for a settlement of his dispute with Dobbins, and the jury having found, under instructions of the court given at plaintiff's request, that he acted in good faith, there is left nothing for the plaintiff's claim to rest upon.

We have adverted to the exceptions of plaintiff, found in the record, but they are really not before us, as they are not based upon any matter contained in the case or record proper. Assignments of error must be based upon exceptions duly taken, and the exceptions must have as their basis some ruling of the court appearing affirmatively in the record, and not depending for its existence upon statements made in the exception or assignment. In analogy to demurrers of the same nature are the would-be "speaking" exceptions. *Worley v. Logging Co.,* 157 N. C., 490; *Allred v. Kirkman,* at this term, *post.* So with the assignments of error as to the instructions, we cannot consider, unless the charge is sent up with the record. This Court does not presume error, but it presumes against it, and error must be shown by the complaining party or appellant.

No error.

WALKER, J. This is an application for a writ of *certiorari* to supply certain omissions alleged to have occurred in the case

on appeal. The plaintiff applied for a writ at the last term of this Court, but the writ was denied without prejudice, the Court allowing the plaintiff to renew his motion after he had applied to the judge for a statement that he would correct the case in the particulars set out in his petition for the writ, or some of them. Plaintiff made his motion to the judge, who, in the presence of the counsel of the parties, heard the matter and, by consent, took the papers to his home for the purpose of preparing his statement, which was filed by him on 2 July, 1912. In his written response to the application of the plaintiff for an amendment to the case on appeal, the judge makes the following statement of facts, and expressed his willingness that it be inserted in the case, to wit:

"Upon the first issue the court charged the jury as follows: 'That the defendant admits that he executed the paper introduced in evidence, but says that it did not contain the contract as agreed upon between the plaintiff and the defendant, in that by inadvertence and oversight of the draftsman a material part of the contract was omitted therefrom, to the effect that he was not to convey the land if he did not get it by compromise or judgment at the Spring Term of court which convened on 26 April, 1909; if the defendant has satisfied the jury that the contract is as alleged by the defendant in his answer, they will answer the first issue "No"; that if the defendant has not so satisfied the jury, they will answer the first issue "Yes." ' To this instruction the plaintiff excepted. The court charged the jury fully as to the burden of proof and as to the weight of the evidence by which the defendant must establish his contention, and to this portion of the charge there was no exception. These are the only changes that, after a careful examination of the matter, I think ought to be made, but I believe in justice to your client I ought to make these."

Plaintiff did not renew his motion for a *certiorari* until after the argument of the case in this Court at the present term, which was 29 October, 1912, and, in fact, as we know, not until after the Court had fully considered the case, made its decision, and the opinion had been prepared to be handed down. Proceedings in this Court were therefore arrested in order that the Court

might take the present application of the plaintiff into conference and pass upon it.  It is alleged in the petition for the writ that counsel of the plaintiff were otherwise engaged and could not give that attention to the matter which it required, and that they forgot the time at which the case would be argued or the district would be called in regular order, and this is alleged as a sufficient excuse for not presenting the application sooner.  It is well understood that petitions of this kind must be presented to the Court with reasonable and proper diligence.  There must be no laches justly attributable to the party who makes the application, and, if there be any on his part, the consequences are visited upon him, and not upon the other party, who is innocent and diligent.  We believe that in almost every stage of judicial proceedings the maxim is of universal application that the law aids those who are vigilant, and not those who sleep upon their rights, and this rule specially applies to proceedings of this sort.  4 Enc. Pl. and Pr., p. 136; 6 Cyc., pp. 778 and 779, and notes.  The practice has been established in this Court for many years that the writ of *recordari* or of *certiorari,* as a substitute for an appeal, should be applied for without any unreasonable delay, and that any such delay, after the earliest moment in the party's power to make the application, must be satisfactorily accounted for.  We do not think the plaintiff in this case has reasonably accounted for his remissness in making the application.  *Boing v. R. R.,* 88 N. C., 62; *Norman v. Snow,* 94 N. C., 431.  Rule 41 of this Court requires that application for the writ of *certiorari* shall be made at the term to which the appeal ought to have been taken.  We may safely say that the plaintiff should have applied for the writ a sufficient time before the call of the docket for the Tenth District to enable the Court to consider his application, and, if granted, to issue the writ and have the case amended so that it could be heard when it was called in regular order.  We have never entertained an application for the writ after the argument has commenced, and surely not after the case has been submitted, taken into conference and decided by the Court, and certainly not except under extraordinary circumstances.  Parties must take notice of the time when their cases will be called in this Court, and we can-

not hear them say that they were either ignorant of the time or that, knowing the time allotted to the district from which the case comes to this Court, they had inadvertently neglected to be present and look after their interests.  The writ is therefore denied.

We have, notwithstanding the denial of the writ, examined and considered the proposed amendment to the case, as indicated by the judge's statement, and find that if it had been inserted originally in the case on appeal it would not have changed our judgment.  Plaintiff states in his application to the judge that the latter charged the jury that if they should find the land was sold to Dobbins in good faith to settle a long existing lawsuit, the defendant would not be liable for damages.  This instruction, no doubt, was given in answer to the plaintiff's request that the case should be made to turn upon the good faith of the transaction between the defendant and Dobbins, and that the jury would give no effect to the agreement as stated by defendant in his answer, unless the compromise and settlement between defendant and Dobbins had been fairly conducted, in good faith, and without any intent to defeat the plaintiff's rights.  This was really the pivotal question in the case, and the jury found against the plaintiff in regard to it, and it seems to us the controversy was thereby settled in favor of the defendant, and we do not see any ground, in this view of the case, upon which plaintiff could expect a recovery.  The charge of the court, that the jury should answer the first issue "No" if they should find that defendant was not to convey the land to the plaintiff, unless he got it under the compromise with Dobbins, was plainly correct.  Plaintiff alleged an absolute and unconditional promise to convey him the land at $4,500, and defendant alleged another and quite different contract, which was subject to the condition that, in the settlement and compromise with Dobbins, he should acquire the land.  If they found this to be the case, they could not, of course, have said, in response to the first issue, that defendant had made the contract set forth therein, and, having found that the defendant had correctly stated the contract in his answer, and that the compromise was made in good faith, the judgment was properly given to the defendant, as the find-

ing was necessarily fatal to the plaintiff's recovery. The issue between the parties was substantially one of fact, which has been finally settled by the jury.

*Certiorari* denied.