REDEVELOPMENT COMMISSION OF THE CITY OF GREENVILLE, PETITIONER, v. AMELIA S. CAPEHART; MARJORIE CAPEHART ST. CYR AND HUSBAND, JOHN DOE ST. CYR; COUNTY OF PITT, NORTH CAROLINA, AND CITY OF GREENVILLE, NORTH CAROLINA.

(Filed 21 September, 1966.)

1. **Eminent Domain § 9; Courts § 7—**

The landowner must file exceptions to the final report of the commissioners within 20 days after the report is filed, with right to appeal to the Superior Court at term, G.S. 40-19, and when the landowner files no exceptions and does not appeal from the order of confirmation by the clerk, *recordari* to the Superior Court is properly denied when the application therefor merely alleges merit without specifying facts supporting this conclusion, fails to negate laches, and the application is not made to the next succeeding term of the Superior Court.

2. **Eminent Domain § 14; Estates § 7—**

Where land subject to a life estate is taken by eminent domain the compensation paid represents the realty, and the life tenant is not entitled to the cash value of her life estate out of the proceeds, but only to the interest or income for life from the total amount of the award.

APPEAL by defendant Marjorie Capehart St. Cyr from *Parker, J.,* at February 21, 1966, Term of PITT Superior Court in No. 116, and from *Mintz, J.,* at May 23, 1966 Term of PITT Superior Court in No. 117.

Under the authority of Chapter 160 of the General Statutes plaintiff has been incorporated and is authorized to clear and rebuild certain areas in the City of Greenville which it has found to be "slum and blighted areas".

The defendant Mrs. Amelia S. Capehart is the widow of the late Dr. W. M. Capehart, and Marjorie Capehart St. Cyr is his daughter by a previous marriage. The will of Dr. Capehart provided: "I give, devise and loan to my wife, Amelia Capehart, in place of or in lieu of her dower, a life estate and use in and to and upon the house and lot of land and my office and the land upon which it is located, being the house and lot where we are now living and the office which I am now using, and being the land which was conveyed to me by D. R. Little and wife and which deed is recorded in Book P 13 page 2 of the Pitt County Registry and which land lies on the Eastern side of Greene Street in Greenville, N. C., for and during the term of her life; and at her death I give and devise the same, said land, absolutely and in fee simple forever to my daughter, Marjorie Capehart, of New York City, N. Y. * * * I charge and require my said wife during her said life estate and occupancy of the said lot of land to keep the taxes paid thereon, and keep the same in a reasonable state of repair."

The plaintiff filed a petition in this proceeding against the two respondents to take the lands referred to above, proceeding under the chapter on Eminent Domain, G.S. 40-11, *et seq.* The defendants filed separate responses, denying the petitioners are justified or entitled to take the land under the authority of Chapter 40 as asserted by the petitioners.

Pursuant to notice the matter came on for hearing before the Clerk of Pitt Superior Court on 7 October, 1965, and he on 12 October, 1965, signed an order granting petitioners' prayers and appointing Commissioners of Appraisal. Respondent Marjorie Capehart St. Cyr noted exception to the order and gave notice of appeal but did not pursue it.

The Commissioners held a hearing, pursuant to notice, on 15 November, 1965, and awarded damages of $11,000 for the taking of the property, filing their report on 19 November, 1965. Notice of the award was given 3 December, and neither respondent noted any further exception.

On 28 December, 1965, no exceptions to said report having been filed, the Clerk entered his judgment in the matter, after notifying respondent's counsel of his intention to do so. Respondent Marjorie Capehart St. Cyr took no further action in this matter until her petition for *writ of recordari* was filed on 14 January, 1966, but was not heard at the next, the January 24th Term. The matter was heard before Parker, J., presiding at the February 21 Civil Term of Pitt Superior Court, and upon judgment dated 23 February, deny-

ing this petition, respondent Marjorie Capehart St. Cyr appealed to the Supreme Court.

The above facts relate to the appeal in Case No. 116.

The facts in Case No. 117: On 5 April, 1966, after the $11,000 had been paid into the Clerk of Pitt Superior Court, Amelia S. Capehart filed a motion in the cause asking the Clerk to calculate and pay to her in cash her interest in the said $11,000, contending that she is entitled to the present cash value of the money, based upon her life expectancy as shown in the mortuary tables. G.S. 8-46 and 47.

Upon a hearing of this motion the Clerk held as a matter of law that Amelia S. Capehart's life estate in the said $11,000 was $6,984.12, based upon her life exceptancy, which amount he ordered paid to her. Marjorie St. Cyr appealed from the order, and the appeal was heard by Mintz, J., at the May 1966 Term of Pitt Superior Court. The appeal was based solely upon questions of law, as to whether or not the life tenant, Amelia S. Capehart, should be paid her life estate interest in cash. The appellant contended that the $11,000 was in lieu of the land and buildings and that her step-mother was entitled only to the income from them. Therefore, she contended, Mrs. Capehart was entitled to receive only the income, or interest, from the $11,000 for life. Judge Mintz affirmed the order of the Clerk and Marjorie Capehart St. Cyr appealed to the Supreme Court.

*Kenneth G. Hite, H. Horton Rountree for petitioner appellee.*
*Sam B. Underwood, Jr., for defendant appellant.*

PLESS, J. In *Abernathy v. R. R.*, 150 N.C. 97, 63 S.E. 180, Connor, J., speaking for the Court, said: "While in other special proceedings, when an issue of fact is raised upon the pleadings it is transferred to the civil docket for trial, in condemnation proceedings the questions of law and fact are passed upon by the clerk, to whose rulings exceptions are noted, and no appeal lies until the final report of the commissioners comes in, when upon exceptions filed, the entire record is sent to the Superior Court, where all of the exceptions are passed upon and questions may be then presented for the first time."

This excerpt was incorporated in the opinion in *Selma v. Nobles*, 183 N.C. 322, 111 S.E. 543, where it is said: "As to the procedure in a case of this kind, our decisions are to the effect that notwithstanding the appearance of issuable matter in the pleadings, it is the duty of the clerk, in the first instance, to pass upon all disputed questions

presented in the record, and go on to the assessment of the damages through commissioners duly appointed, and allowing the parties, by exceptions, to raise any questions of law or fact issuable or otherwise to be considered on appeal from him in his award of the damages as provided by law."

In her response Mrs. St. Cyr had denied the right of plaintiff to take the property in question and when the Clerk appointed the commissioners to appraise the property on 7 October she took an exception to his order and gave notice of appeal, but did not pursue it. Here again a quotation from *Abernathy v. R. R., supra,* is pertinent: "No appeal lies until the final report of the Commissioners comes in when upon exception filed the entire record is sent up to Superior Court where all the exceptions may then be presented."

The commissioners filed their report awarding defendants $11,000 for the taking of the property on 19 November, 1965. Notice of the award was given to the respondent on 3 December, but she filed no further exceptions at that time or prior to 28 December, 1965, when the Clerk entered his judgment in the matter after notifying the respondent's counsel of his intention to do so.

G.S. 40-19 provides that: "Within 20 days after filing the report * * * any persons interested in the said land may file exception to said report and upon the determination of the same by the court either party to the proceedings may appeal to the court at term and thence after judgment to the Supreme Court."

The Clerk's judgment was signed some 40 days after the report had been made by the Commissioners to his office, and 25 days after the respondent had had formal notice thereof. In her failure to file exceptions or appeal during these times she waived her right to do so.

Having failed to perfect her appeal within the time, the respondent thereupon sought to present her alleged grievances by filing a petition for writ of *recordari,* but here again she fails to comply with the rules. To be entitled to *recordari* the petitioner must show she is not guilty of *laches,* there is merit in her case, and she must specify the facts from which the court may determine, instead of a general allegation of merit. Application should be made promptly to the next term of court. McIntosh Practice & Procedure, Sec. 1882.

In view of (1) the long delay in filing the petition, and (2) the fact that the jury awarded $11,000 when the respondent had said in her pleadings one time that $10,150 would be sufficient for the land, it is apparent that she has not been diligent and that she lacks merit.

The next term of Superior Court of Pitt County after the judgment was signed by the Clerk was on 24 January, 1966, but the record does not show that application was made at that term and it

REDEVELOPMENT COMMISSION v. CAPEHART.

was not presented until the term of court convening 21 February, 1966.

In view of the foregoing, Judge Parker's denial of the application was correct in Case No. 116, and it is therefore affirmed.

We find only one North Carolina case that deals with the question presented in Case No. 117. This is *Miller v. Asheville*, 112 N.C. 759, 16 S.E. 762, in which it is said: "When (as here) the property is taken under the right of eminent domain, the fund realized is substituted for the realty and is held subject to like charges and trusts, and when limited over on a contingent remainder it will be divided among the parties entitled, upon the happening of the contingency, in the same manner as the realty itself would have been if it had remained intact."

However, the question has been determined by a number of other courts, and it is said in 27 Am. Jur. 2d 28: "According to the predominate view, where property is condemned and the question is raised as to whether the award should be distributed between a life tenant and remaindermen, the award stands in the place of the realty and must be maintained as a whole, with the life tenant receiving the income and the corpus being reserved for ultimate distribution to the remaindermen."

In 91 A.L.R. 2d 965, it is stated: "* * * the courts have generally held that the rights of the life tenant and remainderman in the condemnation proceeds are the same as they were in the realty represented by the proceeds, that is, the life tenant has the right to the use of the proceeds during his life, and the remainderman is entitled to the corpus upon the death of the life tenant."

We accordingly hold that the life tenant, Mrs. Capehart, is entitled to the interest or income from the $11,000 award, and that at her death the respondent, Mrs. St. Cyr, would be entitled to the corpus of the award.

There was error in the ruling below.

In Case No. 116

Affirmed.

In Case No. 117

Reversed.