In re Greene

---

IN THE MATTER OF THE BUILDING PERMIT AND ZONING RELATING TO PERRY GREENE AND WATAUGA READY-MIX

No. 7624SC152

(Filed 16 June 1976)

1. **Municipal Corporations § 31— nonconforming use — building permit — failure of board to revoke**

    A zoning board of adjustment did not, as a matter of law, err in failing to revoke a building permit issued for modernization of a

concrete plant operated as a nonconforming use after the work authorized by the permit had been completed.

2. **Municipal Corporations § 31— building permit — appeal within reasonable time**

Appeal from the issuance of a building permit was not taken within a reasonable time within the meaning of a zoning ordinance where work under the permit began on 12 January 1971 and petitioners made their initial appearance before the board of adjustment on 29 March 1972.

APPEAL by petitioners from *Friday, Judge.* Order entered 6 November 1975 in Superior Court, WATAUGA County. Heard in the Court of Appeals 26 May 1976.

Respondents own a tract of land upon which they operate a concrete plant. After the plant had been in operation for several years the area within which it is located was annexed to the Town of Boone. The area was subsequently rezoned as a R-1, single family residential district. Respondents thereafter continued operation of the plant as a nonconforming use. Respondents applied to the Building Inspector for a building permit to "modernize existing plant, to include dust control, concrete paving and new batch plant." The cost of the project was estimated to be $50,000.00. One of the purposes of the proposed changes was to comply with applicable regulations dealing with air pollution. The Building Inspector issued the permit on 29 December 1970. No one appealed from the issuance of the permit. From 12 January 1971 until 18 January 1972, respondents incurred obligations of about $50,500.00 for repairs and improvement to the premises. The project was completed on 2 May 1972 at a total cost of $72,637.30.

On 29 March 1972, fifteen months after the permit was issued and after most of the work authorized by the permit had been completed, petitioners appeared before the Board of Adjustment. Petitioners are citizens and property owners who reside near respondents' plant. Through counsel, petitioners requested that the Board revoke the building permit issued on 29 December 1970. The Board voted to deny the request. Petitioners sought and obtained judicial review.

The matter was twice remanded to the Board for additional findings. Finally, on 6 November 1975, Judge Friday entered a judgment wherein he affirmed the Board's action in declining to revoke the permit. Petitioners appealed.

In re Greene

*McElwee, Hall & McElwee, by William H. McElwee III, for plaintiff appellants.*

*Eggers & Eggers, by Steve C. Eggers III and Steve C. Eggers, Jr.; Holshouser & Lamm, by Charles C. Lamm, Jr., and J. E. Holshouser, Sr., attorneys for respondent appellee.*

VAUGHN, Judge.

There are no assignments of error suggesting lack of evidence to support the findings of fact or suggesting that there was error in failing to find other facts. The assignments of error are directed simply to the entry of the orders of the Board and the judgment of the Superior Court. The only question before us, therefore, is whether, on the facts found, the Board erred as a matter of law in failing to revoke the permit.

[1] We have carefully reviewed the facts found by the Board and find no reason to say, as a matter of law, that the Board must be compelled to revoke the building permit. Moreover, we have some question about what petitioners would have accomplished had they succeeded in persuading the Board to "revoke" the permit. The permit was issued on 29 December 1970. A permit is a license or grant of authority to do a thing. The things authorized by the permit were completed prior to the Board's final action on petitioners' request that the permit be revoked. Respondents were not then seeking to do anything under the authority of the permit.

[2] The ordinance in question provides for appeal from the Building Inspector to the Board of Adjustment. It further provides that the appeal must be taken within a reasonable time by filing written notice with the Inspector and the Board specifying the grounds for the appeal. These petitioners have never given written notice of any appeal from the decision of the Building Inspector to grant the permit. Respondents began work under the authority of the permit on 12 January 1971. Even if petitioners' informal appearance before the Board on 29 March 1972 is to be considered as an appeal, on the facts of this case, we must agree with the Board's conclusion that the "appeal" was not taken within a reasonable time.

Finally, the substance of petitioners' argument appears to be that the permit was illegally issued and is "a nullity-void ab initio." We say only that the record before us does not support that conclusion.

"The writ of *certiorari,* as permitted by the zoning ordinance statute, is a writ to bring the matter before the court, upon the evidence presented by the record itself, for review of alleged errors of law. It does not lie to review questions of fact to be determined by evidence outside the record." *In Re Pine Hill Cemeteries, Inc.,* 219 N.C. 735, 15 S.E. 2d 1.

The Board did not find, nor was it requested to find, that the project authorized by the building permit allowed construction not permitted by the applicable ordinance.

The judgment from which petitioners appealed is affirmed.

Affirmed.

Judges MARTIN and CLARK concur.