WHITE OAK PROPERTIES, INC., A NORTH CAROLINA CORPORATION v. TOWN OF CARRBORO, A MUNICIPAL CORPORATION, ROBERT W. DRAKEFORD, MAYOR, STEVE ROSE, AN ALDERMAN, JIM WHITE, AN ALDERMAN, JOHN BOONE, AN ALDERMAN, HILLIARD CALDWELL, AN ALDERMAN, ERNIE PATTERSON, AN ALDERMAN, AND JOYCE GARRETT, AN ALDERMAN

No. 692A84

(Filed 2 April 1985)

1. **Municipal Corporations § 31— denial of conditional use permit—board of aldermen—review by certiorari—reasonable time for petition**

   G.S. 160A-381, not G.S. 160A-388(e), grants applicants for a conditional use permit the right to petition the superior court for a writ of certiorari to review an adverse decision of a board of aldermen. Since the statute sets forth no time limitation for filing such a petition, the superior court must determine, in its discretion, whether a petition has been filed within a reasonable time of the decision of the board of aldermen, and the Court of Appeals erred in concluding as a matter of law that the superior court was without jurisdiction to review the decision of a board of aldermen by petition filed more than thirty days from notice of the board's decision.

2. **Municipal Corporations § 31— board of aldermen—review of denial of conditional use permit—reasonable time for petition**

   The superior court did not err in concluding that, under the circumstances of this case, a petition for certiorari to review a board of aldermen's denial of a conditional use permit filed forty-seven days after the board mailed notice of denial was filed within a reasonable time.

ON appeal from the decision by a divided panel of the Court of Appeals reported at 71 N.C. App. 360, 322 S.E. 2d 400 (1984), vacating judgment signed by *McLelland, J.,* 20 January 1984 in Superior Court, ORANGE County, and remanding the cause with instructions to enter judgment dismissing petitioner's appeal. Heard in the Supreme Court 11 March 1985.

*Jordan, Brown, Price & Wall, by Charles Gordon Brown and M. LeAnn Nease, for petitioner appellant.*

*Michael B. Brough for respondent appellees.*

MARTIN, Justice.

The sole issue before us is whether the Court of Appeals erred by holding as a matter of law that White Oak Properties, Inc. ("White Oak") had only thirty days within which to file its petition for certiorari. We hold that the Court of Appeals did so err, and reverse.

White Oak applied to the Carrboro Board of Aldermen ("Board") for a conditional use permit to build nineteen townhouse units on a 3.31 acre tract of land. After a series of public hearings the Board denied the application and mailed notice of the denial to White Oak on 25 August 1983. The record is silent as to when this notice was received. On 13 September 1983, however, White Oak consulted an attorney, Charles Gordon Brown, regarding the filing of a petition for certiorari in superior court to review the Board's decision. Brown prepared such a petition, as well as other documents, and scheduled a meeting with the attorney for the Board for 19 September 1983. The attorneys for both parties met on 19 September 1983, reviewed the petition, and agreed on major portions of the proposed record for review and on a proposed briefing schedule. Mr. Brown left a copy of the petition for certiorari with the attorney for the Board.

Apparently the attorneys for both parties anticipated that the cause would be heard during the 24 October 1983 session of Superior Court, Orange County. However, on 20 September 1983, Brown learned that the motion docket for that session was closed and he postponed filing the petition until 11 October 1983. This was forty-seven days after the Board mailed notice of the denial of the permit to White Oak.

The Board moved to dismiss White Oak's petition for certiorari on grounds that because under N.C.G.S. 160A-388(e) White Oak had only thirty days from notice of denial of the permit within which to petition for certiorari, the petition had been filed too late. In opposition to this motion Brown filed an affidavit on behalf of White Oak setting forth substantially the facts just stated and claiming that none of the Board's legal or equitable rights were prejudiced by the forty-seven day time span. Upon hearing the Board's motion to dismiss White Oak's petition, the superior court entered an order, the relevant parts of which are as follows:

IT APPEARING THAT:

1. Respondents denied petitioner's application for a conditional use permit and mailed petitioner notice of that fact on August 25, 1983.

2. Petitioner filed a "Petition for Writs of Certiorari, Mandamus and a Decree of Mandatory Injunction to the Town of Carrboro and its Board of Aldermen" on October 11, 1983, 47 days after the notice of denial was mailed.

3. The statements appearing in the Affidavit of Charles Gordon Brown are true and are incorporated herein.

4. The passage of 47 days did not legally or practically prejudice respondents in the defense of their decision to deny petitioner's application for a special use permit.[1]

AND IT APPEARING FURTHER that upon the law:

1. N.C.G.S. Sec. 160A-381 provides, in pertinent part, that an adverse decision of a city council "shall be subject to review by the superior court by proceedings in the nature of certiorari," and N.C.G.S. Sec. 160A-1(2) and (3) define "city" as including "town" and "council" as including "board of aldermen."

2. Because the decision which petitioner seeks to have reviewed was that of a board of aldermen rather than a board of adjustment, Sec. 160A-381 and not Sec. 160A-388(e) applies.

3. There is no statutory restriction imposed upon judicial review by way of writs of certiorari to boards of aldermen. The common law power of the Superior Court to grant writs of certiorari in such cases as the one *sub judice* still obtains.

4. To the extent Section 15-116 of the Carrboro Land Use Ordinance attempts to restrict the common law jurisdiction of this Court by mandating that petitions for certiorari be filed within 30 days of notification of denial, such attempt is beyond the authority of the Town of Carrboro.

---

1. We note that the Board did not except to this finding of fact.

5. Judged by common law criteria, the petition for certiorari was timely filed, no legal or practical prejudice will befall respondents as the result of a lapse of 47 days, there are no facts which would support the bar of laches, and the petition raises serious and substantial questions for review.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that respondents' motion to dismiss should be and hereby is DENIED.

Subsequently, a full hearing was held in superior court on the merits of the issues raised in White Oak's petition. The superior court reversed the Board's decision and remanded the cause, directing the Board to issue a conditional use permit to White Oak. The Board appealed this order and judgment to the Court of Appeals which vacated the judgment and remanded the case to Superior Court, Orange County, "with instructions for entry of judgment dismissing [White Oak's] appeal." The basis for this result was that White Oak's petition for certiorari had been filed more than thirty days from the time the Board mailed its notice of denial and therefore the superior court was without jurisdiction to hear White Oak's review. Because of this holding the Court of Appeals did not reach the issue of whether the superior court erred by reversing the decision of the Board. Judge Webb dissented from the majority opinion on grounds that the petition for certiorari was properly allowed by the superior court as it was filed within a reasonable time from the Board's decision. He was also of the opinion that the Court of Appeals should have decided the substantive issue brought forward on appeal. White Oak appealed the decision of the Court of Appeals to this Court pursuant to N.C.G.S. 7A-30(2).

[1] The Court of Appeals reasoned correctly that N.C.G.S. 160A-381, not N.C.G.S. 160A-388, applies to the case at bar. In relevant part 160A-381 provides: "When issuing or denying . . . conditional use permits, the city council shall follow the procedures for boards of adjustment . . . and every such decision of the city council shall be subject to review by the superior court by proceedings in the nature of certiorari." N.C.G.S. 160A-1(3) states in pertinent part that:

[The term] "[c]ouncil" is interchangeable with the terms "board of aldermen" and "board of commissioners," is used

throughout this Chapter in preference to those terms, and shall mean any city council as defined in this subdivision without regard to the terminology employed in charters, local acts, other portions of the General Statutes, or local customary usage.

Therefore, when issuing or denying conditional use permits, the Carrboro Board of Aldermen was bound to follow the procedures established for boards of adjustment. Such procedures are generally set forth in N.C.G.S. 160A-388.

As with N.C.G.S. 160A-381, 160A-388(e) provides that "[e]very decision of the board [of adjustment] shall be subject to review by the superior court by proceedings in the nature of certiorari." Unlike 160A-381, however, 160A-388(e) adds that "[a]ny petition for review by the superior court shall be filed with the clerk of superior court within 30 days after the decision of the board [of adjustment] is filed in such office as the ordinance specifies, or after a written copy thereof is delivered to every aggrieved party . . . whichever is later." N.C.G.S. 160A-381 specifies that boards of aldermen must follow procedures set forth for boards of adjustment "when *issuing* or *denying* . . . conditional use permits"; however, a party seeking *review* of a decision by a board of aldermen must return to 160A-381 to learn what procedure governs the review of such a decision. (Emphasis ours.) Because 160A-381 does not contain a thirty-day limit for the filing of a petition for certiorari, White Oak was not statutorily barred from seeking review of the Board's decision by filing its petition more than thirty days after the decision was reached.

We disagree with the opinion of the Court of Appeals that the structure of North Carolina zoning law and administrative law requires that a thirty-day limit be judicially engrafted onto N.C.G.S. 160A-381. The Court of Appeals reasoned that because a thirty-day rule is provided in the Administrative Procedures Act[2]

_____

2. We note that the Court of Appeals incorrectly stated that "[t]he time for filing a petition for writ of certiorari under the APA [Administrative Procedures Act] is thirty days after notice of final decision is received; see G.S. 150A-45. . . ." N.C.G.S. 150A-45 concerns the procedures for obtaining judicial review of certain administrative decisions, which review is granted as a matter of right by N.C.G.S. 150A-43. Such review is thus in the nature of an *appeal*, as contrasted with a petition for certiorari provided for in N.C.G.S. 160A-381. *Cf. Pierce v. King County*, 62 Wash. 2d 324, 382 P. 2d 628 (1963) (general rule that certiorari is to be sought

and in a Carrboro city ordinance pertinent to review of decisions of boards of aldermen, thirty days should also mark the outer boundary for the filing of petitions for certiorari under N.C.G.S. 160A-381. While this reasoning may provide a good argument for legislative amendment of 160A-381, it was improperly applied in the interpretation of the statute. There being no time limitation in the statute, it was improper for the Court of Appeals to conclude as a matter of law that the superior court was without jurisdiction to review the decision of the Board by petition filed more than thirty days from notice of the Board's decision. Authority to establish rules governing the procedure and practice in superior courts is vested in the General Assembly unless such authority is delegated to the Supreme Court. N.C. Const. art. IV, § 13(2). The Court of Appeals has no authority to establish such rules. Had the legislature intended N.C.G.S. 160A-381 to contain a thirty-day limit, it would have included one in the statute. As such a limit is not present in 160A-381, we must assume the legislature intended to leave determination of the timeliness of a petition for certiorari to the superior court in which the petition is filed.

[2]   In the absence of a designated time period within which to seek review of a decision by a board of aldermen, the superior court must determine, in its discretion, whether a petition for writ of certiorari has been filed within a reasonable time of the decision of the board of aldermen. As this Court stated in *Mizell v. Burnett*, 49 N.C. 249, 255 (1857): "What is a reasonable time must, in all cases, depend upon the circumstances." *Accord Claus v. Lee*, 140 N.C. 552, 53 S.E. 433 (1906). Generally, whether a petition for certiorari has been timely filed can be decided by deter-

---

within time within which appeal could have been taken does not apply to review of zoning cases reviewed by certiorari). The Court of Appeals' casual conflation of a petition for certiorari and an appeal is further revealed by the following language from its opinion: "[W]e hold the superior court did not have jurisdiction to review the decision of the board and petitioner waived his [sic] right of appeal. For this reason the petitioner's appeal should have been dismissed." Petitioner (White Oak) did not have a right of *appeal*; it sought review by petition seeking a writ of certiorari. The distinction is important because the superior court is required statutorily to hear certain appeals, whereas it is within the superior court's discretion to allow or deny a petition for certiorari. In exercising its discretion, in the absence of a statutory time limit it is proper, as here, for the court to consider whether the lapse of time between the decision sought to be reviewed and the filing of the petition for certiorari worked to the detriment of the respondents.

mining whether the petitioner's delay bars him under the equitable doctrine of laches from being afforded review. *See Redevelopment Commission v. Capehart*, 268 N.C. 114, 150 S.E. 2d 62 (1966) (to be entitled to recordari, petitioner must show he is not guilty of laches); *Todd v. Mackie*, 160 N.C. 352, 76 S.E. 245 (1912) (writ of recordari or of certiorari, as a substitute for appeal, should be applied for without any unreasonable delay, and any delay, after the earliest moment in the parties' power to make application, must be satisfactorily accounted for); *Bowman v. Foster*, 33 N.C. 47 (1850) (delay in making inquiry until two and one-half years after judgment constitutes laches). As stated in *Builders Supplies Co. v. Gainey*, 282 N.C. 261, 271, 192 S.E. 2d 449, 456 (1972):

> ". . . where lapse of time has resulted in some change in the condition of the property or in the relations of the parties which would make it unjust to permit the prosecution of the claim, the doctrine of laches will be applied. Hence, what delay will constitute laches depends upon the facts and circumstances of each case." *Teachey v. Gurley*, 214 N.C. 288, [294], 199 S.E. 83, [88] [1938].

Upon the record before us, we hold that the superior court did not err in concluding as a matter of law that "the petition for certiorari was timely filed, no legal or practical prejudice will befall respondents as the result of a lapse of 47 days, [and] there are no facts which would support the bar of laches. . . ." We hold, therefore, that the superior court properly had jurisdiction to hear the substantive issue brought forward by White Oak, namely, whether the Board erred in denying White Oak a conditional use permit.

The decision of the Court of Appeals is reversed. The Court of Appeals did not decide the substantive issue of whether the superior court erred by reversing the Board's denial of White Oak's application for a conditional use permit. *See Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 265 S.E. 2d 379, *reh'g denied*, 300 N.C. 562 (1980). Therefore, the case is remanded to the Court of Appeals for determination of that issue.

Reversed and remanded.