TEEN CHALLENGE TRAINING CENTER, INC. v. BOARD OF ADJUSTMENT
OF MOORE COUNTY

No. 8720SC537

(Filed 7 June 1988)

**Municipal Corporations § 31— appeal from zoning compliance officer—reasonable time**

      The trial court did not err by reversing the Moore County Board of Adjustment's decision to rescind a zoning compliance permit where a zoning compliance officer granted a certificate of zoning compliance on 20 August 1985; assuming that adjoining landowners did not become aware of the proposed facility's exact nature until an article appeared in a local newspaper on 14 April 1986, they did not request a hearing until 85 days after the article appeared and after Teen Challenge had already expended $30,000 in improvements; and there was no evidence in the record justifying or attempting to explain the delay. The appeal from the zoning compliance officer to the Board of Adjustment was not taken within a reasonable time. N.C.G.S. § 153A-345(b).

APPEAL by respondent from *Washington (Edward K.), Judge.* Judgment entered 22 January 1987 in Superior Court, MOORE County. Heard in the Court of Appeals 7 December 1987.

*Van Camp, Gill, Bryan & Webb, by Douglas R. Gill, for petitioner-appellee.*

*James E. Holshouser, Jr. for respondent-appellant.*

GREENE, Judge.

This is an appeal from the Superior Court's reversal of the Moore County Board of Adjustment's decision to rescind a zoning compliance permit. The trial judge ruled the Board of Adjustment erred in its decision to rescind the certificate which had been issued to Teen Challenge Training Center, Inc. (hereinafter "Teen Challenge"). The Board of Adjustment appeals.

On 20 August 1985, a zoning compliance officer for Moore County granted a certificate of zoning compliance to Teen Challenge. The certificate was issued for a parcel of land consisting of approximately 30.9 acres on State Road 1832 in Moore County, an area zoned RA (Residential/Agricultural) under the Moore County Zoning Ordinance. Relying upon the certificate and a building permit, Teen Challenge then expended over $30,000 on improvements

to the property in addition to the cost of the land itself. Nearly eleven months later, on 8 July 1985, an adjacent landowner requested that the Board of Adjustment meet to inquire whether the Teen Challenge Program complied with applicable zoning ordinances. Before the Board, Teen Challenge argued that the "appeal" to the Board was not timely and that the zoning compliance officer had been correct in determining that the proposed facility was within the definition of a sanitarium, a use authorized in the RA zoning district.

After hearing evidence from both sides, the participating members of the Board of Adjustment voted unanimously in favor of a motion to rescind the certificate of zoning compliance previously issued for Teen Challenge. From this decision, Teen Challenge petitioned for certiorari to the Superior Court. The Superior Court granted the petition for certiorari, and ruled that the appeal to the Board from the zoning compliance officer had not been made within a reasonable time. Further, the court ruled that the officer was correct in determining the proposed facility was within the meaning of a sanitarium as used in the zoning ordinance.

---

This appeal presents the issue of whether the appeal from the zoning compliance officer was made within a reasonable time.

A decision of the Board of Adjustment is subject to review by writ of certiorari to the superior court. N.C.G.S. Sec. 153A-345(e) (1987). The inquiry on review upon writ of certiorari under N.C.G.S. Sec. 153A-345 is whether the Board committed an error of law or whether an order of the Board is arbitrary, oppressive or attended with manifest abuse of authority. *Godfrey v. Zoning Bd. of Adjustment*, 317 N.C. 51, 55, 344 S.E. 2d 272, 274 (1986) (citing *In re Campsites Unlimited*, 287 N.C. 493, 498, 215 S.E. 2d 73, 76 (1975)).

Section 153A-345(b) provides that the Board of Adjustment shall hear and decide appeals from orders made by administrative officials charged with enforcing ordinances. That section further provides that "[a]ppeals shall be taken within times prescribed by the board of adjustment by general rule, by filing with the officer from whom the appeal is taken and with the board of adjustment a notice of appeal, specifying the grounds thereof." N.C.G.S. Sec.

153A-345(b). However, the Board in this case failed to prescribe any time within which an appeal had to be taken from a zoning compliance officer. The "notice of appeal" consisted of a letter from an attorney representing adjacent landowners to the facility. The letter requested a meeting of the Board to inquire as to whether Teen Challenge's proposed use would comply with the zoning ordinance. The letter was dated 8 July 1986, some 322 days after the certificate of zoning compliance was initially issued.

In the absence of a statute or rule of court prescribing the time for taking and perfecting an appeal, an appeal must be taken and perfected within a reasonable time. 4A C.J.S. Appeal and Error Sec. 428 (1957). Appellant admits in its brief that since no rules or ordinances provided for time requirements for taking appeals, it "made its own determination that the timing was reasonable in this case."

"What is a reasonable time must, in all cases, depend upon the circumstances." *White Oak Properties, Inc. v. Town of Carrboro*, 313 N.C. 306, 311, 327 S.E. 2d 882, 886 (1985) (quoting *Mizell v. Burnett*, 49 N.C. 249, 255 (1857) ). In *In re Green*, 29 N.C. App. 749, 225 S.E. 2d 647, *disc. rev. denied*, 290 N.C. 661, 228 S.E. 2d 451 (1976), a concrete plant applied for and received a building permit to modernize its facility. Fifteen months later, after the plant had spent over $50,000, nearby neighbors petitioned the board to revoke the permit. In affirming the board and the superior court, this Court held that the appeal was not taken within a reasonable time.

The evidence in the record indicates that Teen Challenge spent approximately $30,000 on improvements to the property following the issuance of the permit. Appellants do not contest this fact but rather maintain that what is a reasonable time is wholly within their discretion. However, where the facts are not in dispute, the question of what constitutes a reasonable time is one of law. *First Citizens Bank and Trust Co. v. Northwestern Ins. Co.*, 44 N.C. App. 414, 261 S.E. 2d 242 (1980). The record indicates that the adjoining landowners did not become aware of the proposed facility's exact nature until on or about 14 April 1986 when an article about the proposed facility appeared in a local newspaper. Even assuming this was the first notice to the landowners that

Teen Challenge was going to be located near them, they did not request the hearing until eighty-five days after the article appeared and after Teen Challenge had already expended $30,000 for improvements. There was no evidence in the record justifying or attempting to explain the delay.

Therefore, we hold the Superior Court was correct in determining the appeal from the zoning compliance officer was not taken within a reasonable time. In affirming that decision, we do not determine whether the proposed facility does come within the meaning of a sanitarium as it is used in the zoning ordinance. However, we do note that this Court has previously defined a sanitarium as "an establishment for the treatment of the sick esp. if suffering from chronic disease (as alcoholism, tuberculosis, nervous or mental disease) requiring protracted care." *Town of Southern Pines v. Mohr*, 30 N.C. App. 342, 345, 226 S.E. 2d 865, 867 (1976) (quoting Webster's Third New International Dictionary of the English Language Unabridged at 2008 (1968) ).

Affirmed.

Chief Judge HEDRICK and Judge BECTON concur.