JAMES L. OWENS D/B/A OWENS GROCERY v. GREEN VALLEY SUPPLY COMPANY, INC.

No. 8125SC702

(Filed 6 April 1982)

1. **Trial § 33.6— misstating a fact in charge to jury—no proper objection—no error**

    The trial court did not err in denying plaintiff's motion for a new trial on the ground that the trial judge had misstated a fact in the charge to the jury where the record did not reflect that plaintiff made a proper objection to the trial judge's summary of the evidence, and where a question asked by the jury showed that they recalled the evidence correctly despite the judge's instructions.

2. **Trial § 10.1— court's comment concerning list of items—no error**

    In an action concerning merchandise destroyed by fire, the trial judge did not err in stating: "It will take all week to try this case if you go through the list (of items destroyed) item by item and ask detailed questions," where the list of items destroyed by the fire was properly introduced into evidence and shown to the jury.

**3. Evidence § 49— hypothetical questions—expert witnesses—rulings on questions improper**

  The trial court improperly sustained an objection to a properly phrased hypothetical question posed to plaintiff's witness which clearly called for an opinion which he was better qualified than the jury to give. Further, the trial court improperly overruled plaintiff's objection to a question posed by defendant which asked a witness to state his opinion upon whether a "reasonable person" could have foreseen that a fire could originate in bales of either hay or straw by reason of spontaneous combustion, as the question, as phrased, asked the witness for an expert's opinion upon that which the jury would be equally qualified to give; that is, what a "reasonable person" would have foreseen.

APPEAL by plaintiff from *Freeman, Judge.* Judgment entered 5 February 1981 in Superior Court, CALDWELL County. Heard in the Court of Appeals 5 March 1982.

This is a negligence action arising out of the destruction by fire of plaintiff's merchandise and personal property stored in a wooden building, part of which was rented by plaintiff from W. F. Simmons. Plaintiff alleges that the fire was the result of uncured hay being stacked negligently by defendant under a tin roof against the side of the wooden building under conditions which were favorable for spontaneous combustion to ignite the hay. Defendant denies negligence.

The jury found that defendant was not negligent, and plaintiff appeals from the judgment entered upon that verdict.

*Tuttle & Thomas, by Bryce O. Thomas, Jr., for plaintiff-appellant.*

*Patton, Starnes & Thompson, by Thomas M. Starnes, for defendant-appellee.*

HILL, Judge.

In 1973 or 1974, plaintiff rented a portion of a wooden building located behind defendant to store seasonal merchandise for his store and personal property. Plaintiff testified that around 10:00 a.m. on 27 June 1977, he was notified that the building was on fire. The next morning plaintiff saw remnants of organic material which he identified as "uncured hay mixed with some straw."

Jerry Thomas Ennis, who lived across from the wooden building, testified that prior to the fire, he saw a farm trailer with

bales in it next to the building. Ennis stated that it had rained during the time that the bales were in the trailer and that the bales later were removed from the trailer and stacked under the overhanging roof of the building. Michael Lane Coffey, Fire Chief and Building Inspector for Granite Falls, testified that "the point of origin of the fire is the bale of organic material at the end of the structure." In his opinion, the cause of the fire was spontaneous combustion within one bale of uncured organic material.

Earle Teague, a witness for defendant, testified that defendant "has dealt in straw ever since they have been in business, about nine or ten years." William Hugh Kirby, an employee of defendant at the time of the fire, also testified that defendant had straw for use in landscaping. Upon hearing Coffey state that he thought the fire was caused by the spontaneous combustion of uncured hay, Kirby stated, "I told him that there was no hay, that it was straw, and that to my knowledge you couldn't get spontaneous combustion from dry straw."

Tommy E. Andrews, Caldwell County Agricultural Extension Agent, identified photographs of the organic material found near the wooden building on 27 June 1977 as cured, dry, small grain straw. In his opinion, a reasonable person would not have anticipated that a fire would originate by spontaneous combusion of that material.

[1] The principal contention of plaintiff's first argument is that the trial judge erred in misstating a fact in his charge to the jury, thereby causing the jury to over-emphasize the importance of the misstated fact. The judge charged the jury that "the evidence of the plaintiff tended to show that sometime in June of 1977 that he had merchandise from the store and furniture that he owned . . . stored in a building that he rented from the defendant, Green Valley Supply Company . . .." After the jurors retired to begin their deliberations, they returned to the courtroom with the following question: "We, the members of the jury, would like to know if Mr. Teague, the defendant, had permission from Mr. Simmons, who we understand owns the building—if Mr. Teague had permission to build the shed and stack the hay beside the building?" Counsel for the parties conferred with the trial judge out of the hearing of the jury, and the judge announced that "by stipulation of counsel, in answer to that question, they did in fact

have permission to build the shed and store the material there." The jury again retired to deliberate and returned with a verdict fifteen minutes later. In an affidavit appended to plaintiff's motion for a new trial, plaintiff's counsel stated that he brought to the trial judge's attention the misstatement in the charge that defendant owned the building. However, the trial record does not reflect this objection.

Plaintiff argues that the stipulated answer "gave implicit approval to the jury to consider that fact—whether the defendant had permission to stack the bales there—as a significant, controlling, case determining fact." We disagree. Plaintiff's argument is mere conjecture. The trial judge told the jurors that they must trust their own recollection of the evidence and be guided exclusively by it. The question asked by the jury shows that they recalled evidence, despite the judge's instructions, that Simmons, not defendant, owned the building. Even so, the trial record does not reflect that plaintiff made a proper objection to the trial judge's summary of the evidence. By failing to do so, plaintiff has waived the objection. *State v. Hammonds*, 301 N.C. 713, 272 S.E. 2d 856 (1981); *Vandiver v. Vandiver*, 50 N.C. App. 319, 274 S.E. 2d 243, *disc. rev. denied*, 302 N.C. 634, 280 S.E. 2d 449 (1981). This argument is without merit.

[2] In his second argument, plaintiff contends that the trial judge expressed his opinion on plaintiff's evidence of items that were destroyed by the fire. Plaintiff introduced a list of such items which was shown to the jury and began to describe them in detail. After plaintiff began that testimony, the judge said, "It will take all week to try this case if you go through the list item by item and ask detailed questions." Plaintiff argues that this statement "left the impression that this case was not worth taking one week to try, regardless." We find that the list of items destroyed by the fire properly was introduced into evidence and shown to the jury. Under these circumstances, we cannot condemn as error the trial judge's plea for economy of time in plaintiff's examination.

[3] Plaintiff's third argument assigns as error various evidentiary rulings made by the trial judge. Two such rulings were made following objections to hypothetical questions asked of the parties' expert witnesses concerning the foreseeability that spontaneous combustion could occur in the bales.

Coffey, plaintiff's expert witness, was asked the following question:

Chief Coffey, if the jury should find by the greater weight of the evidence that on June 27, 1977 that Green Valley Supply stored 90 to 100 bales of hay under a roof off a wooden building and that these bales were stacked tightly and they were stacked three to five bales high, and that this organic material within the bales consisted of uncured, low-grade hay, and that it was visible to someone knowledgeable with hay and straw as a merchant such as Green Valley Supply by looking at it with the naked eye, do you have an opinion satisfactory to yourself, assuming these facts to be true, whether or not it was reasonably foreseeable that spontaneous combustion would occur in these bales and could be seen by someone who deals regularly with hay and straw or an employee of Green Valley Supply?

Defendant's objection to this question was sustained. However, defendant's expert witness, Andrews, was asked to assume certain facts and answer the following question: "[D]o you have an opinion satisfactory to yourself as to whether a reasonable person could have anticipated that any fire would originate in any one or more of those bales by reason of spontaneous combustion?" Plaintiff's objection to the question was overruled, and Andrews' opinion was that it would not be reasonable to expect that fire could originate in the bales by reason of spontaneous combustion.

As a general rule, an expert opinion is admissible "where the witness is better qualified than the jury to draw appropriate inferences from the facts." 1 Stansbury's N.C. Evidence (Brandis rev. 1973) § 132, p. 425. *See State v. Wilkerson*, 295 N.C. 559, 247 S.E. 2d 905 (1978). Effective 1 October 1981, the legislature eliminated the requirement "that expert testimony be in response to a hypothetical question." G.S. 8-58.12. *See* 1981 N.C. Sess. Laws, c. 543, § 4. However, when the present case was tried, to elicit an expert's opinion, the question (1) should include only such facts that are in evidence, or such facts that the jury may infer from the evidence; (2) the facts should be sufficient on which to base a satisfactory opinion; and (3) the facts should be stated hypothetically. 1 Stansbury's N.C. Evidence (Brandis rev. 1973) § 137, pp. 452-53. The opinion elicited by a properly phrased

hypothetical question is entitled to be considered by the jury as it would the testimony of other witnesses. *See Hedgepeth v. Coleman*, 183 N.C. 309, 111 S.E. 517 (1922); *see also* 1 Stansbury's N.C. Evidence (Brandis rev. 1973) § 126, pp. 394-95.

The question posed to Coffey clearly called for an opinion which he is better qualified than the jury to give. The question stated hypothetical facts, sufficient on which to base a satisfactory opinion, which were in evidence or which could be inferred from the evidence by the jury. It therefore was error for the trial judge to sustain defendant's objection to the properly phrased hypothetical question and exclude Coffey's opinion.

In addition, we find error in the trial judge's ruling which allowed Andrews to state his opinion upon whether a "reasonable person" could have foreseen that a fire could originate in the bales by reason of spontaneous combusion. The question, as it is phrased, asks Andrews for an *expert's opinion upon that which the jury would be equally qualified to give; that is, what a "reasonable person" would have foreseen. Thus, the expert opinion elicited by this question does not survive the test of admissibility.

We do not discuss the matters brought forward by plaintiff's other assignments of error as they may not recur in the new trial.

For errors committed by the trial judge, we grant a

New trial.

Judges WELLS and BECTON concur.