COPLEY TRIANGLE ASSOCIATES, A FLORIDA GENERAL PARTNERSHIP, D/B/A THE MARKETPLACE, PLAINTIFF-APPELLEES v. APPAREL AMERICA, INC., A FLORIDA CORPORATION; WEST SIDE FASHIONS, INC., A FLORIDA CORPORATION D/B/A VOGUE INTERNATIONAL; GERALD ROSENBLOOM, INDIVIDUALLY; IRVING (RICHARD) ROSENBLOOM, INDIVIDUALLY; AND RICHMOND GARMENT COMPANY, INC., A VIRGINIA CORPORATION, DEFENDANTS-APPELLANTS

No. 8810SC1289

(Filed 7 November 1989)

**Process § 9 (NCI3d); Corporations § 1.1 (NCI3d) — disregarding corporate entity — nonresident defendants — jurisdiction of N.C. court**

Defendant West Side Fashions was the alter ego of the nonresident Richmond Garment Co., Inc. and the nonresident individual defendants, and defendants were therefore subject to the personal jurisdiction of the N. C. court where it was alleged in the verified complaint that plaintiff leased shopping center space to defendant West Side; the lease was executed by the individual defendants who accepted a check for $36,000 to defray the alleged costs of making the premises suitable for an apparel store; only a small part of the amount was spent in remodeling the premises and the rest was converted by the individual defendants; the store was never fully stocked as an apparel business and operated on a skeleton basis for

a few months; one night the individual defendants and others removed all fixtures, property, and apparel from the leased premises; and defendant West Side was dissolved and had no assets.

**Am Jur 2d, Corporations §§ 45, 66.**

Judge BECTON concurs in the result.

APPEAL by defendants Apparel America, Inc., Gerald Rosenbloom, Irving (Richard) Rosenbloom, and Richmond Garment Company, Inc. from *Herring, Judge.* Orders entered 15 August 1988, *nunc pro tunc* 10 August 1988, and 12 August 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 6 June 1989.

*Barrow and Redwine, by H. Spencer Barrow, for plaintiff appellee.*

*David S. Crump for defendant appellants.*

PHILLIPS, Judge.

This action — for breach of contract, fraud, and unfair trade practices under G.S. 75-1, *et seq.* — arose out of the leasing of shopping center space in Morrisville, North Carolina by West Side Fashions, Inc., a Florida corporation that is now defunct and virtually without records. Both West Side Fashions, Inc. and Apparel America, Inc. are wholly owned subsidiaries of Richmond Garment Company, Inc., a Virginia corporation, whose stock is wholly owned by defendants Gerald and Irving Rosenbloom, who reside in Florida and are the only directors and officers of all the corporate defendants. The main question raised by the appeal is whether the trial court has personal jurisdiction of the nonresident individual defendants and the foreign corporation Richmond Garment Company, Inc.; not so much because of their direct contacts with the State, which were not extensive, but because of the substantial activities of West Side Fashions, Inc., their alleged *alter ego*, in this State. The trial court held that it does and we agree.

The allegations in the verified complaint bearing upon the question are to the effect that: On 24 April 1986 plaintiff leased the shopping center space involved to West Side Fashions, Inc. for a term of five years; the defendant Rosenblooms executed the lease for the named lessee and under the terms thereof received a check for $36,000 payable to West Side to defray the alleged

COPLEY TRIANGLE ASSOC. v. APPAREL AMERICA, INC.

[96 N.C. App. 263 (1989)]

cost of making the premises suitable for its apparel store; only a small part of the amount received was spent in remodeling the premises and the rest was converted by the individual defendants; the store was never fully stocked as an apparel business and operated on a skeleton basis for a few months. During the night of 20 September 1987 defendants Irving and Gerald Rosenbloom and others removed all fixtures, property and apparel from the leased premises and defendant West Side has been dissolved and has no assets. The corporate defendants constituted and were operated as one business under the domination and control of the individual defendants, whose intention and purpose was not to operate a *bona fide* retail outlet on the leased premises, but to defraud plaintiff of the $36,000 it advanced to upfit the premises and the rental due on the property.

That the court has jurisdiction over West Side Fashions, Inc., the now defunct and penniless lessee of the local real estate, is obvious and not contested. What is contested — and the appeal turns on the outcome — is that defendant West Side is a mere shell corporation through which its parent, Richmond Garment Company, Inc., and the individual defendants acted in this instance. For if West Side Fashions was but the *alter ego* of the nonresident appealing defendants, its acts were their acts as well and could have subjected them to the court's jurisdiction, since it is the law here, and in most other jurisdictions as well, that when a corporation is a mere instrument of others its corporate veil may be disregarded, and those who have acted through it held accountable when to do otherwise would result in injustice. *Pilot Title Insurance Co. v. The Northwestern Bank*, 11 N.C. App. 444, 450, 181 S.E.2d 799, 803 (1971). Factors which can prompt the piercing of the corporate veil include the inadequate capitalization of the controlled corporation, the siphoning of its funds by those who dominate it, the absence of adequate corporate records, and the debtor corporation's insolvency. *Glenn v. Wagner*, 313 N.C. 450, 458, 329 S.E.2d 326, 332 (1985). "[The] rule with regard to piercing the corporate veil is broad enough to encompass both those situations where there is direct stock ownership of a subsidiary corporation by a parent corporation, and stock control as exercised through a mutual shareholder . . . ." *Glenn v. Wagner*, 313 N.C. at 459, 329 S.E.2d at 333.

The record in this case contains a *prima facie* showing as to all the conditions that indicate a sham corporation and justify

disregarding its corporate veil. Though West Side Fashions is a wholly owned subsidiary of Richmond Garment, and though the individual defendants were its only officers and directors and own all the stock of Richmond Garment, neither Richmond Garment nor the individual defendants, in responding to plaintiff's interrogatories, could produce any information as to West Side Fashions's capitalization; or could account for more than $13,552.63 of the $36,000 it received from plaintiff for "upfitting" the leased premises; or could identify who made the decision to vacate plaintiff's premises; or could state what became of West Side's assets upon its dissolution. This professed ignorance of what they were legally bound to know, along with plaintiff's evidence to the effect that most of the money advanced for upfitting the leased premises was not used for that purpose and that the store was operated on only a token basis during the few months involved, indicates that West Side Fashions was a sham entity without either capital, funds, or records of its own and a mere front for the appealing defendants. These *prima facie* facts support the conclusion that the acts of the sham corporation were in effect those of its masters, the individual defendants and Richmond Garment Company, and that injustice would result if plaintiff could not look to them for redress. Under our long arm statute, G.S. 1-75.4, the contacts that the appealing defendants had with this State through their *alter ego* subjected them to the jurisdiction of this State and exercising that jurisdiction will not violate due process of law as laid down by the Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945).

The individual defendants further contend that the service of process upon them by certified mail at their respective offices, rather than at their residences, as Rule 4, N.C. Rules of Civil Procedure provides, was invalid. The contention has no merit. The purpose of Rule 4 is to notify a party served of the litigation involved and that purpose is met when the notice is by certified mail addressed to the party and delivered to him. *Waller v. Butkovich*, 584 F.Supp. 909, 926 (M.D.N.C. 1984).

Affirmed.

Judge LEWIS concurs.

Judge BECTON concurs in the result.