GREENVILLE BUYERS MARKET ASSOCIATES, A NORTH CAROLINA GENERAL PARTNERSHIP, PLAINTIFF-APPELLEE v. ST. PETERSBURG FASHIONS, INC., A FLORIDA CORPORATION; APPAREL AMERICA, INC., A FLORIDA CORPORATION; GERALD ROSENBLOOM, INDIVIDUALLY; RICHARD ROSENBLOOM, INDIVIDUALLY; AND RICHMOND GARMENT COMPANY, INC., A VIRGINIA CORPORATION, DEFENDANTS-APPELLANTS

No. 8810SC1290

(Filed 16 January 1990)

**Corporations § 1.1 (NCI3d) — defendant as sham corporation — individual defendants subject to personal jurisdiction in North Carolina**

Defendant St. Petersburg Fashions was a sham corporation under the control and dominion of the individual nonresident defendants; the apparel business involved was in fact conducted by defendants Richmond Garment Co., Apparel America, Inc., and the individual defendants; and the acts of their alter ego, St. Petersburg Fashions, were in law their acts and subjected them to the personal jurisdiction of our courts.

**Am Jur 2d, Corporations §§ 43, 45, 55, 56.**

APPEAL by defendants Apparel America, Inc., Gerald Rosenbloom, Irving (Richard) Rosenbloom, and Richmond Garment Company, Inc. from *Herring, Judge.* Orders entered 15 August 1988, *nunc pro tunc* 10 August 1988, and 12 August 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 6 June 1989.

*Barrow and Redwine, by H. Spencer Barrow, for plaintiff appellee.*

*David S. Crump for defendant appellants.*

**GREENVILLE BUYERS MARKET ASSOC. v. ST. PETERSBURG FASHIONS**

[97 N.C. App. 136 (1990)]

PHILLIPS, Judge.

Plaintiff seeks to recover damages of defendants upon allegations of fraud, breach of contract, and unfair trade practices in connection with the rental of space in a Greenville, North Carolina shopping center. The appeal from a denial of the motions of all defendants except St. Petersburg Fashions, Inc. to dismiss the action for a lack of personal jurisdiction has no merit and we affirm the trial court.

The trial court's ruling is supported by the following facts: Apparel America, Inc. and St. Petersburg Fashions, Inc. are Florida corporations that are wholly owned by defendant Richmond Garment Company, Inc., a Virginia corporation. The individual defendants, who are citizens of Florida, are the only officers and directors of all the corporations and own all the corporate stock of Richmond Garment Company, Inc. On 11 June 1986 defendant St. Petersburg Fashions, acting through the defendants Rosenbloom, rented the shopping center space involved from plaintiff for the declared purpose of operating a retail clothing store. The lease was for a period of five years beginning 15 July 1986 at a minimum monthly charge of $2,104, and under its terms, negotiated by defendant Irving (Richard) Rosenbloom after examining the premises, plaintiff agreed to advance the lessee $36,000 to defray the cost of "upfitting" the premises for use as a ladies clothing store. On the same trip here Irving (Richard) Rosenbloom negotiated a similar lease for shopping mall space in Morrisville; and near that time both individual defendants traveled to Wilmington, North Carolina in the matter of still another similar lease. Plaintiff's checks amounting to $36,000 were endorsed by the named lessee to Apparel America and then stamped by Gerald Rosenbloom "For Deposit Only Richmond Garment Company, Inc. 404 6513638." Only a small part of the $36,000 defendants received to "upfit" the premises was spent for that purpose; the place was never fully stocked as an apparel store; no rent has been paid since 20 May 1987 and on 7 June 1987 all fixtures, property and apparel were removed from the store; and St. Petersburg Fashions is now defunct. In answering plaintiff's interrogatories all the defendants professed not to know who made the decision to vacate the leased premises or what became of the St. Petersburg Fashions' assets and they could produce no records of that company's financial activities, capitalization or status, including the disposition of plaintiff's $36,000 payment.

The circumstances of this case, except for the identity of the named lessee, are essentially the same as those reported in *Copley Triangle Associates v. Apparel America, Inc.*, 96 N.C. App. 263, 385 S.E.2d 201 (1989), in which we ruled that the facts *prima facie* indicated that West Side Fashions, the nominal lessee of the shopping center space involved, was a sham corporation under the dominion and control of the appellants, and that the trial court justifiably disregarded the lessee's corporate veil and ruled that it was the *alter ego* of the appellants and that its acts subjected all of them to the personal jurisdiction of our courts. As in that case, the record in this one *prima facie* indicates that St. Petersburg Fashions, Inc. is a sham corporation under the control and dominion of the appellants; that the apparel business involved was in fact conducted by Richmond Garment Company, Inc., Apparel America, Inc. and the individual defendants and that the acts of their *alter ego*, St. Petersburg Fashions, Inc., were in law their acts and subjected them to the personal jurisdiction of our courts.

And the individual appellants' contention that service upon them at their place of business, rather than at their residence, was invalid under the provisions of Rule 4, N.C. Rules of Civil Procedure, is also overruled for the same reasons stated in *Copley*.


Affirmed.


Judges BECTON and LEWIS concur.