CARROLL DOUGLAS RICHARDSON, LONNIE L. CARPENTER, JUDY M. CARPENTER, PHYLLIS F. McMANUS, ANDREW D. McEACHIN, ROBERTA W. McEACHIN, HELEN L. FAIRES, RUTH BURKE, EDNA MOSER, CHARLES EDWARD GESSNER, JULIE GESSNER, RICHARD A. PRICE, BILLIE H. PRICE AND OLIVE R. McLEOD, Petitioners v. UNION COUNTY BOARD OF ADJUSTMENT AND GHB BROADCASTING CORPORATION, Respondents

No. COA97-263

(Filed 21 December 1999)

## 1. Zoning— special use permit—notice

The trial court did not err in a zoning case regarding a special use permit application by concluding that petitioners received adequate notice of a public hearing under § 11 of the Union County Land Use Ordinance since N.C.G.S. § 153A-345 confers authority to handle zoning matters on the county board of adjustment, and even if the more general rule under N.C.G.S. § 1A-1, Rule 6 applied, petitioners have not demonstrated that they were prejudiced by any lack of notice since they did not seek to obtain any new or different evidence other than that already presented, nor did they show how they would have benefitted from a later hearing.

## 2. Zoning— Board of Adjustment—discretion in limiting testimony

The trial court did not err in a zoning case regarding a special use permit application by determining that interested persons were permitted to testify before the Board of Adjustment because the record reveals that both sides were given adequate time to present evidence, and case law, as well as § 101(b) and (c) of the Union County Land Use Ordinance, gives the Board discretion in equitably limiting testimony.

### 3. Zoning— special use permit—completion of application

The trial court did not err in a zoning case regarding a special use permit application by concluding that the Administrator of the Union County Inspection Department complied with § 56(a) of the Union County Land Use Ordinance when he reported to the Board of Adjustment that the application was complete when it was missing the square feet in the lot and the identification of individual trees eighteen inches in diameter or more because the Ordinance allows for more or less information depending on the application, and petitioners offer no evidence to show the Administrator's decision to accept less was in error.

### 4. Zoning— Board of Adjustment—burden of persuasion— established standards

The trial court did not err in a zoning case regarding a special use permit application by concluding that the Board of Adjustment did not improperly combine established standards or alter petitioners' burden of persuasion because: (1) there is no indication that the Board's combining of the standards was arbitrary, oppressive, or attended with manifest abuse of authority; (2) the Board, as an administrative agency, is presumed to properly perform its duties unless there is a showing that the agency was arbitrary or capricious in its decision-making; (3) neither the record nor petitioners' brief sets out evidence to show how the Board's combining of these considerations prejudiced them; (4) petitioners do not cite any rule or case law which shows that the Board erroneously combined the considerations; and (5) the Ordinance does not require that the Board must deny the permit even if one of the four considerations is found.

### 5. Zoning— special use permit—application requirements

The trial court did not err in a zoning case regarding a special use permit application by concluding that the Board of Adjustment's action of granting the permit was based on conclusions fully supported by the findings of fact, even though the Board did not make written findings of fact a part of its motion to issue the permit, because nowhere in the Union County Land Use Ordinance is there a requirement that the Board's vote to approve the permit must be simultaneous with its written approval.

Appeal by petitioners from an order entered 13 November 1996 by Judge Donald R. Huffman in Union County Superior Court. Heard in the Court of Appeals 19 October 1999.

*Clark, Griffin & McCollum, LLP, by Joe P. McCollum, Jr., for petitioner-appellants.*

*John T. Burns and Lewis R. Fisher for respondent-appellees.*

HUNTER, Judge.

Petitioner-appellants, Carroll Douglas Richardson, *et al.*, ("petitioners") seek to reverse the trial court's order affirming respondent-appellee Union County Board of Adjustment's ("Board") decision to approve the special use permit application of respondent-appellee, GHB Broadcasting Corporation ("GHB"), to build a radio tower in petitioners' community. Petitioners argue that the trial court erred in finding that the Board complied with the Union County Land Use Ordinance ("Ordinance") then in effect regarding specific stages of GHB's application process, namely: (1) that all adjoining property owners received adequate notice; (2) that interested persons were permitted to testify before the Board regarding the application; (3) that the Administrator of the Union County Inspection Department complied with the Ordinance when he reported to the Board that the application was complete; (4) that the Board did not improperly combine established standards or alter petitioners' burden of persuasion to petitioners' detriment; (5) that the Board's action to grant the special use permit was fully supported by findings of fact; and (6) that the Board followed all required procedures in considering and acting on GHB's application. Petitioners argue that as a result of the foregoing assignments of error, the trial court's order affirming the Board's granting of the special use permit is erroneous. However, we disagree and therefore affirm the trial court's ruling.

The relevant and undisputed facts are as follows: GHB desired to construct and operate a broadcast tower, 500 feet in height, and a transmitter building, 20 feet by 20 feet, for the purpose of broadcasting the radio station WIST-FM. On 4 March 1996, before beginning construction, GHB filed the proper application and attachments with the Board for a special use permit as required by the Ordinance. On 7 March 1996, GHB engaged Robert Morrison of Morrison Appraisal, Inc. to conduct an appraisal of the property in question, specifically with regard to whether "the proposed development [would] substantially injure the value of the adjoining or abutting property." On 15 March 1996, Mr. Morrison proffered his appraisal comparing the applicant site to three other existing tower sites, along with his opinion as to the impact of the applicant property's proposed use. In that opinion, Mr. Morrison stated:

RICHARDSON v. UNION COUNTY BD. OF ADJUST.

[136 N.C. App. 134 (1999)]

Based on the information [I have] gathered, it is the appraiser's opinion that if the proposed site plans is [sic] followed and all other county requirements are met, then the proposed use of the property will not substantially injure the value of the adjoining or abutting property.

As required by Article VI § 102 of the Ordinance, the Board responded by sending out a "Notice of Public Hearing of Union County Board of Adjustment" to the applicant property owner, adjoining property owners and interested property owners. The notice was mailed on 22 March 1996 with the hearing date set for 1 April 1996. On the date of the hearing, petitioners' attorney faxed a letter to GHB's attorney of record objecting to the hearing being held, stating "the required ten (10) days notice has not been given" and that "[b]ecause of the short period of notice the parties have not had sufficient time to obtain necessary evidence for the hearing." However, the hearing went on as scheduled for 1 April 1996, and petitioners fully participated.

Following the hearing, on 23 April 1996 the Board issued its written decision to grant GHB the special use permit. In its decision, the Board found GHB's application to be "complete in all respects," and found that the permit issuance would: (a) not materially endanger the public health or safety; (b) not substantially injure the value of adjoining or abutting property; (c) be in harmony with the area in which it is to be located; and (d) be in general conformity with the land development plan, thoroughfare plan, or other plan officially adopted by the Board.

[1] Petitioners' first assignment of error settles on whether the period between 22 March and 1 April is "adequate notice" by law. We conclude that it is.

In their brief before this Court, petitioners argue that § 102(2) of the Ordinance which requires notice to be given "[a]t least ten days before the meeting" was violated. It is petitioners' contention that the Ordinance's wording of "at least" actually means more than. However, in citing § 11 of the Ordinance which states that "in computing such period, the day of the event [here, the hearing] shall not be included but the day of the action [the mailing] shall be included," petitioners' argument is misplaced. In applying § 11 of the Ordinance, we begin counting on the mailing date of 22 March and end 31 March, the day before the hearing. We conclude ten days of notice was given.

In the alternative, petitioners argue that N.C. Gen. Stat. § 1A-1, Rule 6 applies which requires the same 10-day notice, although computed differently. We hold that Rule 6 does not apply.

The Legislature confers on each county's board of adjustment the authority to

> hear and decide appeals . . . . The board of adjustment shall fix a reasonable time for the hearing of the appeal, give due notice of the appeal to the parties, and decide the appeal within a reasonable time. . . .

> The board shall hear and decide all matters referred to it or upon which it is required to pass *under the zoning ordinance*.

N.C. Gen. Stat. § 153A-345(b) and (c) (1991) (emphasis added). In the case at bar, the general principles of statutory interpretation must be applied.

> Where one statute deals with a subject in detail with reference to a particular situation . . . and another statute deals with the same subject in general and comprehensive terms . . . , the particular statute will be construed as controlling in the particular situation unless it clearly appears that the General Assembly intended to make the general act controlling in regard thereto.

*State v. Leeper*, 59 N.C. App. 199, 202, 296 S.E.2d 7, 9, *cert. denied*, 307 N.C. 272, 299 S.E.2d 218 (1982).

The language of § 11 of the Ordinance is clear and unambiguous. It requires a minimum ten-day "notice of a public hearing" be given and further states how that ten days should be calculated. Furthermore, § 11 of the Ordinance is also very specific and particular in its application, stating that this notice is a required action of "the zoning administrator." On the other hand, N.C. Gen. Stat. § 1A-1, Rule 6 comprehensively covers the computation of "any period of time prescribed," but addresses no particular event or issue. Therefore, in construing § 11 of the Ordinance and Rule 6 *in para materia*, the Legislature's intent to confer authority to handle such zoning matters to the county board of adjustment is clear. Further, petitioners neither offer nor do we find any authority holding that Rule 6 applies to ordinances of local governments. Thus, we hold that the Board did not err in applying § 11 of the Ordinance and, under the Ordinance, there was adequate notice.

Notwithstanding, even if Rule 6 were applicable, this Court has held that petitioners

> do[] not have an absolute right to the notice requirement of Rule 6. Notice may be waived. Also, a new trial [or hearing] will not be granted for a mere technical error. It is incumbent on [petitioners] to show [they were] prejudiced.

*Jenkins v. Jenkins*, 27 N.C. App. 205, 206, 218 S.E.2d 518, 519 (1975).

In the case at bar, the Board specifically asked petitioners' attorney, "if you had had more time, what would have occurred?" In response, petitioners offered only the possibility of having a real estate agent do an appraisal to determine "what they thought the impact was." However, petitioners did not suggest that the appraisal they sought would be any different from that already presented by Morrison Appraisal, Inc.

This Court has long held that where petitioners "suggested no additional testimony that would have been available to [them] at a later hearing and fail[ed] to show how [they] might have benefited from a later hearing[,]" they were not prejudiced by the Board's failure to postpone the hearing. *Brandon v. Brandon*, 10 N.C. App. 457, 461, 179 S.E.2d 177, 180 (1971). *See also Symons Corp. v. Quality Concrete Constr., Inc.*, 108 N.C. App. 17, 422 S.E.2d 365 (1992) (no reversible error where the party arguing lack of notice was not prejudiced by it); *J. D. Dawson Co. v. Robertson Marketing, Inc.*, 93 N.C. App. 62, 376 S.E.2d 254 (1989) (where defendant attended and participated in the hearing, suggested no additional testimony which would have been available to him at a later hearing, and did not show how he would have benefited from a later hearing, defendant has waived the notice requirement).

In light of the fact that petitioners at bar did not seek to obtain any new or different evidence than that already presented by GHB, nor did they show how they would have benefited from a later hearing, petitioners have not demonstrated to this Court they were prejudiced by any lack of notice. Thus, we find no error on the part of the trial court regarding notice.

[2] Petitioners next argue that the trial court erred in finding interested persons, along with adjoining and non-adjoining property owners, were permitted to testify at the hearing. Sections 101(b) and (c) of the Ordinance require that:

[T]he hearing shall be open to the public and all persons inter-
ested in the outcome of the appeal application shall be given an
opportunity to present evidence and arguments . . . .

[However,] [t]he board . . . may place reasonable and equitable
limitations on the presentation of evidence and arguments . . . so
that the matter at issue can be heard and decided without undue
delay.

We hold that the very ordinance on which petitioners stand is the
same ground on which their argument is lost. The record reveals the
Board gave adequate time for both sides to present evidence. Though
the attorney for GHB stated he had four witnesses, it appears only
two actually testified on behalf of the permit. Yet there were ten per-
sons allowed to testify in opposition to the permit, several of which
were not adjoining property owners. Additionally, two of the adjoin-
ing property owners testified they did not live on the property
affected.

The requirement that a public hearing be held is mandatory.
However, we find that not only does the Ordinance specifically give
the Board discretion in equitably limiting testimony but case law does
as well:

The contention that the [Board was] required to hear all per-
sons in attendance without limitation as to number and time is
untenable. The opponents as well as the proponents were at lib-
erty to select those whom they regarded as their best advocates
to speak for them. [The law does] not contemplate that all per-
sons entertaining the same views [should] have an unqualified
right to iterate and reiterate these views in endless repetition.

*Freeland v. Orange County*, 273 N.C. 452, 457, 160 S.E.2d 282, 286
(1968). Having heard testimony from both sides of the issue, the
Board was not obligated to allow every person to testify. Nothing in
the record reflects an abuse of discretion in its limiting testimony.
Therefore, we reject petitioners' argument.

[3] Petitioners' third assignment of error is that the trial court erred
in finding the Administrator complied with § 56(a) of the Ordi-
nance when he reported to the Board that GHB's application was
complete. Petitioners argue that missing from GHB's application
was the number of square feet in the lot, as required by Appendix
A, § A-2, and the identification by common or specific name of indi-
vidual trees eighteen inches in diameter or more, as required by

Appendix A, § A-5(b)(2); thus, the Board should have determined GHB's application to be incomplete. We find this argument unpersuasive.

Section 56 of the Ordinance simply requires the Administrator (or some staff member) to submit to the Board a report with the application that sets out his "findings concerning the application's compliance" with § 49 of the Ordinance regarding completeness. The record does not contain such a report. However, in the record, the issued permit lays out the Board's findings which it made from GHB's application, the Administrator's recommendation and the public hearing. These findings include the square footage and exact acreage to the thousandth of an acre. Furthermore, petitioners' other claims regarding the completeness of the application are addressed by § 49(d) of the Ordinance which states:

> The presumption established by this ordinance is that all of the information set forth in Appendix A is necessary to satisfy the requirements of this section. However, it is recognized that each development is unique, and therefore the permit issuing authority may allow less information or require more information to be submitted according to the needs of the particular case. . . . [T]he applicant may rely in the first instance on the recommendations of the administrator as to whether more or less information than that set forth in Appendix A should be submitted.

Because the Ordinance allows for more or less information depending on the application, and because petitioners offer no evidence to show the Administrator's decision to accept less was in error, we reject petitioners' argument.

[4] As its fourth assignment of error, petitioners contend the trial court erred in finding that the Board did not improperly combine standards altering petitioners' burden of persuasion. This argument is also unpersuasive.

Regarding the standard of reviewing the decision of the Board of Adjustment, the superior court is bound by the Board's findings of fact if they are supported by evidence introduced at the hearing before the Board. *Godfrey v. Zoning Bd. of Adjustment*, 317 N.C. 51, 344 S.E.2d 272 (1986). Those findings of fact are conclusive and the Board's decisions are final. *Id.* "The inquiry on review upon writ of certiorari under N.C.G.S. Sec. 153A-345 is whether the Board committed an error of law or whether an order of the Board is arbitrary,

oppressive or attended with manifest abuse of authority." *Teen Challenge Training Center, Inc. v. Bd. of Adjustment of Moore County*, 90 N.C. App. 452, 453, 368 S.E.2d 661, 663 (1988).

In the case at bar, § 54(c) of the Ordinance sets out four considerations which, upon finding any one of them, the Board "may still deny the permit." It is petitioners' contention that in combining the last two considerations, the Board altered its burden of persuasion. However, the record reveals no evidence presented by petitioners that any of the four considerations "more probably [existed] than not" as required by the Ordinance. In fact, from the record, we find no indication that the Board's combining of the standards was arbitrary, oppressive or attended with manifest abuse of authority. On the contrary, the transcript reveals that the Board considered all four separately and then, toward the end of its discussion, combined standards three and four.

As an arm of the county zoning board, a Board of Adjustment is a municipal agency governed by general administrative agency statutes. *Refining Co. v. Board of Aldermen*, 284 N.C. 458, 202 S.E.2d 129 (1974). As such, the law in North Carolina presumes that the Board (the administrative agency) has properly performed its duties, and the presumption is rebutted only by a showing that the agency was arbitrary or capricious in its decision making. *Adams v. N.C. State Bd. of Reg. for Prof. Eng. and Land Surveyors*, 129 N.C. App. 292, 501 S.E.2d 660 (1998). Having failed to show that the Board was either arbitrary or capricious in its combining of the standards, petitioners have failed to rebut the presumption as well.

Additionally, neither the record nor petitioners' brief to this Court sets out evidence to show how the Board's combining of these considerations prejudiced them. Although petitioners state that their burden of persuasion was heightened, they provide no evidence that if the Board agreed with them that one of the standards existed, the Board would have denied GHB's permit. As cited by petitioners in its brief, even where the trial court has committed error, if that error is not prejudicial, then it is harmless. *Responsible Citizens v. City of Asheville*, 308 N.C. 255, 302 S.E.2d 204 (1983).

Finally as to this assignment of error, petitioners do not cite any rule or case law which shows that the Board erroneously combined the considerations. Thus, we find that the Board had the right to combine the considerations, just as it had the right to still allow the application even if it had found one of the considerations to be more

probable than not. The Ordinance does not require that the Board deny the permit even if one of the four considerations is found; it simply states it "may" deny the permit on those grounds.

[5] For its fifth assignment of error, petitioners argue that the trial court erred in finding that the Board's action of granting the permit was based on conclusions fully supported by findings of fact. It is petitioners' position that because the Board did not make written findings of fact a part of its motion to issue GHB's permit, that the findings in the permit document signed by the Board's chairman are void. We reject this argument also.

Section 58 of the Ordinance sets out what issues should be considered by the Board in its decision to approve an application. It requires the Board to consider whether the application is complete and complies with all the applicable requirements. If no adverse action is taken, the Board's nonaction "shall be taken as an affirmative finding by the [B]oard that the application is complete" and "it shall issue the permit." Additionally, this section of the Ordinance requires specific findings, based on the evidence to be set out only where the permit is denied.

It is true that § 106 of the Ordinance requires the Board to reduce its decision to issue a special use permit to writing, and to include its "findings and conclusions, as well as supporting reasons or facts, whenever this [O]rdinance requires the same as a prerequisite to taking action." However, we find that the Board's issued permit satisfies this requirement. Nowhere in the Ordinance do we find that the Board's vote to approve the permit must be simultaneous with its written approval, and petitioners offer no evidence to the contrary.

Since petitioners' remaining two assignments of error are based on previous assignments of error, it is unnecessary to address them. Furthermore, once GHB submitted a completed application to the Board, the burden shifted to petitioners to show why the permit should be denied. From the record, we find no evidence that petitioners met its burden. Instead, we conclude the trial court had sufficient evidence to affirm the Board's decision.

Affirmed.

Judges GREENE and WALKER concur.