NORTHLAND CABLE TELEVISION, INC., Plaintiff,
v.
THE HIGHLANDS CABLE GROUP, LP, THE CABLE GROUP, LLC, (f/k/a Highlands Cable Group, LLC) and NINIAN ULYSSES BOND, individually, Defendants.
No. COA08-997
Court of Appeals of North Carolina.
Filed June 16, 2009
This case not for publication
The Van Winkle Law Firm, by Larry S. McDevitt and David M. Wilkerson, for Plaintiff.
Creighton W. Sossomon for Defendants.
McGEE, Judge.
Plaintiff filed this action on 27 August 2003, seeking injunctive relief and damages from the original two defendants, The Cable Group, LLC (Cable Group) and Ninian Ulysses Bond (Bond). Plaintiff alleged that Cable Group and Bond, as a principal of Cable Group, were responsible for tampering with, destroying and using without permission Plaintiff's cable wires and other equipment. Plaintiff's complaint stated the following claims for relief: (1) interference with personal property (trespass) and conversion, (2) interference with contract, (3) trade disparagement, and (4) unfair or deceptive trade practices. Plaintiff filed (1) a motion for leave to amend its complaint to add The Highlands Cable Group, LP (Highlands) as a defendant, and (2) a motion to strike Defendants' answer due to multiple discovery violations and violations of orders of the trial court. These motions were heard at the 18 July 2005 Civil Term of Macon County Superior Court. By order filed 31 August 2005, the trial court granted Plaintiff's motions, in part. The trial court allowed the amendment of Plaintiff's complaint to include Highlands as a Defendant; related this amendment back to the original filing date; struck Defendants' answer; and entered default against Defendants, ruling that all three Defendants were jointly and severally liable on the merits of Plaintiff's complaint.
The trial court further ruled that the matter would proceed to trial against all three Defendants on the issue of damages. Defendants appealed the 31 August 2005 order, and our Court held that the amendment of Plaintiff's complaint to join Highlands was proper, and that the sanction of striking Defendants' answer and entering default was not error as against Cable Group and Bond. However, our Court further held that treating Highlands as if it had been a party-defendant from the time of the original filing of Plaintiff's complaint was error, and that the trial court could not impose upon Highlands the sanction of striking Defendants' answer immediately upon Highlands' joinder as a defendant. Northland Cable TV v. Highlands Cable, 180 N.C. App. 691, 639 S.E.2d 142 (2006) (Northland I). Additional facts may be found in Northland I, and these facts will be addressed in the analysis portion of this opinion.
Plaintiff filed a motion to amend its complaint on 15 August 2007 to include the additional claim of "alter-ego," alleging that Highlands was a mere instrumentality of Cable Group and Bond, and that the three Defendants were alter-egos of each other. Plaintiff filed a motion for summary judgment against Highlands on the issue of liability on 4 February 2008. On that same date, the trial court ruled that Highlands, Cable Group, and Bond were alter-egos of each other, and that Cable Group and Bond were the agents of Highlands, which was the principal. Based upon these rulings, the trial court granted Plaintiff's motion for summary judgment and determined that the acts of Highlands, Cable Group, and Bond were indistinguishable as a matter of law.
The issue of damages was tried before a jury beginning 4 February 2008. On 8 February 2008, the trial court "dismissed, or [entered a] directed verdict[]" against, Plaintiff's claim for unfair or deceptive trade practices. The jury decided Plaintiff was entitled to $379,376.00 in damages, and the trial court entered judgment against Defendants in that amount on 20 February 2008. Defendants and Plaintiff appeal.

Defendants' Appeal
In Defendants' first argument, they contend that the trialcourt erred in granting Plaintiff's motion for summary judgment because Defendants did not receive adequate notice of the summary judgment hearing. Defendants also argue the trial court improperly ruled that there were no genuine issues of material fact as a matter of law. We disagree.
We review the trial court's grant or denial of summary judgment de novo. Bombardier Capital, Inc. v. Lake Hickory Watercraft, Inc., 178 N.C. App. 535, 538, 632 S.E.2d 192, 195 (2006). Defendants first contend they did not receive adequate notice of the hearing of Plaintiff's motion for summary judgment before it was heard by the trial court. It is undisputed that Defendants did not receive ten days' notice of the hearing, as required by N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). Defendants received notice of the hearing on 1 February 2008, and the hearing was conducted on 4 February 2008. At the 4 February 2008 hearing, Defendants objected to the motion on the basis that Defendants had not received ten days' notice, but did not provide any argument to the trial court as to how the shortened notice would prejudice them in any manner, or what, if any, additional evidence they would be able to produce were the hearing to be continued. In response to Defendants' general objection to the insufficiency of notice, the trial court responded:
Well, but it's on the trial calendar, and it can be heard and it has to be heard, because there's no point  if there is no genuine issue of material fact, there is no point in spending two days trying something that's not at issue to a jury.
Defendants' attorney responded: "I recognize that the [c]ourt is going to need to deal with this at some point." Defendants then proceeded to respond to Plaintiff's motion for summary judgment. In order for Defendants to prevail on this argument, they must show that Plaintiff's failure to provide the full ten days' notice prejudiced them.
Appellants did not request [the trial court] to continue the hearing . . . to a later date. There is nothing in the record to indicate that at the hearing . . . appellants had any evidence, or desired to present any evidence, other than what they presented, or that they lacked sufficient time to prepare for hearing the motion . . ., or that they were prejudiced in any way by having the hearing on [the date it was held]. Appellants' three assignments of error in respect to [the trial court's] order . . ., and as to having the hearing of petitioner's motion [without ten days notice] are overruled.
In re Woodell, 253 N.C. 420, 424, 117 S.E.2d 4, 7 (1960). "[T]his Court has held that petitioners do[] not have an absolute right to the notice requirement[]. Notice may be waived. Also, a new trial [or hearing] will not be granted for a mere technical error. It is incumbent on [petitioners] to show [they were] prejudiced." Richardson v. Union County Bd. of Adjustment, 136 N.C. App. 134, 139, 523 S.E.2d 432, 436 (1999); see also Symons Corp. v. Quality Concrete Constr., Inc., 108 N.C. App. 17, 20-21, 422 S.E.2d 365, 367 (1992); Adair v. Adair, 62 N.C. App. 493, 496-97, 303 S.E.2d 190, 192 (1983) ("[The] [d]efendant has brought forward no argument nor does the record reveal that she was prejudiced by virtue of the length of notice given."). Defendants do not argue in their brief, nor did they argue before the trial court, that they were prejudiced by Plaintiff's violation of the Rule 56(c) ten-day notice requirement.
We hold the trial court's grant of summary judgment in favor of Plaintiff does not fail due to Plaintiff's violation of the notice requirement of N.C. Gen. Stat. § 1A-1, Rule 56(c). Woodell, 253 N.C. at 424, 117 S.E.2d at 7; Richardson, 136 N.C. App. at 139, 523 S.E.2d at 436; Symons Corp., 108 N.C. App. at 20-21, 422 S.E.2d at 367; Adair, 62 N.C. App. at 496-97, 303 S.E.2d at 192.
Defendants next contend that the trial court erred in granting summary judgment in favor of Plaintiff because there were genuine issues of material fact and summary judgment was therefore improper as a matter of law. In the trial court's ruling, it stated
there is no genuine issue of material fact with respect to the fact that [Highlands] was the principal of the other and that the other two defendants were agents of [Highlands], nor is there any genuine issue of fact that they all acted as alter-egos and that therefore, since there is no answer on behalf of the agents and the  on behalf of [Cable Group and Bond], they have admitted the allegations of the complaint and therefore those admissions go also against the principal and alter-ego and that  considering all those things, that there is no genuine issue of material fact as to the  all those things, and that [Plaintiff] is entitled to judgment as a matter of law with respect to the liability in this case, and that  therefore, that the only matter to be determined by the jury has to do with remedies.
Excepting Defendants' statement of the standard of review, their entire argument for this issue is as follows:
The evidence here established no "facts", except that two of the defendants, Bond and Cable Group[], had been procedurally defaulted as a sanction for disobeying discovery orders. Plaintiff's attorneys recited in argument many "facts" concerning the operation of the entities, [Highlands], [Cable Group] and Bond individually, allegedly developed in discovery, but none of this was offered into evidence at the hearing. The court decided solely on the basis that two of the parties, agents of the remaining, non-defaulted party, [Highlands], had been defaulted, and therefore the master was bound by the acts of its servants.
The case of Harlow v. Voyager Communications V, et al, 348 N.C. 568, 501 S.E.2d 72 (1998) seems appropriate. The Supreme Court there held that default against one of several defendants simply prevents those defendants['] participation in the trial on liability issues. However, trial is still required for the non-defaulted party, here [Highlands], to establish if liability attaches. See also,Moore v. Sullivan, 123 N.C. App. 647, 473 S.E.2d 659 (1996).
We first note that the Harlow and Moore opinions did not involve issues of agency or alter-ego, and are therefore not dispositive of this case. Next, Defendants include no assignments of error arguing that the trial court erred in ruling that an agency relationship existed between all Defendants, nor that the three Defendants are actually alter-egos of one another. Finally, Defendants make no argument in their brief that the trial court erred in ruling that they were alter-egos. Arguments not set forth in an appellant's brief are deemed abandoned. N.C.R. App. P. 28(b)(6); S.B. Simmons Landscaping & Excavating, Inc. v. Boggs, ___ N.C. App. ___, ___, 665 S.E.2d 147, 153 (2008); Cotter v. Cotter, 185 N.C. App. 511, 513-14, 648 S.E.2d 552, 554 (2007); Bombardier, 178 N.C. App. at 540, 632 S.E.2d at 196.
The "alter ego" or "instrumentality" doctrine states that: "[W]hen a corporation is so dominated by another corporation, that the subservient corporation becomes a mere instrument, and is really indistinct from the controlling corporation, then the corporate veil of the dominated corporation will be disregarded, if to retain it results in injustice."
Pilot Title Ins. Co. v. Northwestern Bank, 11 N.C. App. 444, 450, 181 S.E.2d 799, 803 (1971) (citations omitted). A corporation is a mere alter-ego or "puppet" when its "policies and practices are dominated to the point that it has `no separate mind, will or existence of its own and is but a business conduit for its principal.'" Id. at 453, 181 S.E.2d at 805. (citations omitted); see also J.M. Thompson Co. v. Doral Mfg. Co., 72 N.C. App. 419, 426, 324 S.E.2d 909, 914 (1985). "`[A] corporation which exercises actual control over another, operating the latter as a mere [alter-ego,] instrumentality or tool, is liable for the torts of the corporation thus controlled. In such instances, the separate identities of parent and subsidiary or affiliated corporations may be disregarded.'" B-W Acceptance Corp. v. Spencer, 268 N.C. 1, 8, 149 S.E.2d 570, 575 (1966) (citation omitted). In Copley Triangle Associates v. Apparel America, Inc., 96 N.C. App. 263, 265, 385 S.E.2d 201, 203 (1989), our Court identified the issue as whether one defendant was "a mere shell corporation through which [other defendants] acted[,]" and stated:
[If the defendant] was but the alter ego of the [other] defendants, its acts were their acts as well . . . since it is the law here, . . . that when a corporation is a mere instrument of others its corporate veil may be disregarded, and those who have acted through it held accountable when to do otherwise would result in injustice.

Id. (citation omitted). A court of equity seeking to do justice among all parties looks at the spirit and not the form of transactions. "`It regards corporate organization objectively and realistically, unencumbered by fictions of corporate identity, and thus, brushing aside form, deals with substance.'" Corporate identity offers no bar to equity's pursuit of the "plumb-line" of right dealing and fair accounting.
Pilot Title, 11 N.C. App. at 453-54, 181 S.E.2d at 805 (citations omitted); see also United States Nat'l Bank v. Madison Nat'l Bank, 355 F. Supp. 165, 168 (D.D.C. 1973) ("The plain facts reveal that the interests, operation, and control of [the two companies] were so intertwined that under any reasonable legal standard the two companies comprised a single entity with a single purpose.").
Because the trial court's determination that Defendants in the case before us were alter-egos of each other is not challenged on appeal, we cannot find that Highlands was improperly treated as a single entity along with Cable Group and Bond. Therefore, summary judgment against Highlands on the liability issue was properly based upon the failure of Cable Group and Bond to comply with the trial court's discovery orders and violations of the Rules of Civil Procedure. This argument is without merit.
In Defendants' second argument, they contend the trial court erred in denying their motion in limine to "limit Plaintiff's evidence of damages to amounts and methods furnished in the First Supplemental Response to Interrogatories[.]" We disagree.
"The trial court's decision on a motion in limine will not be reversed on appeal absent an abuse of discretion, i.e., the ruling must be `so unreasonable under the facts of the case as toconstitute reversible error.'" Fallis v. Watauga Med. Ctr., Inc., 132 N.C. App. 43, 62, 510 S.E.2d 199, 211 (1999) (citations omitted).
Defendants argue that they did not receive a final assessment of damages from Plaintiff until 11 January 2008. The trial on damages was set for 4 February 2008. Defendants contend that because they were not given at least 30 days' notice of the alleged damages before trial, they were precluded from conducting proper discovery on the issue and thus unable to fully defend themselves at trial. Defendants cite no authority in their brief for this argument, which is in violation of Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure, and constitutes an abandonment of this argument. Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 200, 657 S.E.2d 361, 367 (2008); Bombardier Capital, 178 N.C. App. at 540, 632 S.E.2d at 196.
Even assuming arguendo Defendants have not abandoned this argument, we find no abuse of discretion in the trial court's ruling. Plaintiff's amended complaint, under the heading "Statement of Damages," states:
26. [Plaintiff] has been damaged as alleged herein above, in amounts to be proven at the trial of this matter, but in any event [Plaintiff] alleges at this time that the amount of such damage, and therefore the amount in controversy in this matter, exceeds $10,000 exclusive of interest and costs.
The trial court, in denying Defendants' motion in limine, ruled:
Paragraph 26 says  makes it clear that the damages are not those  just those that are alleged specifically. It would be obvious to anybody reading Paragraph 26 that that is correct, and certainly . . . [D]efendants had a right to inquire about specifics of the damages. If they didn't do that, that's their problem. I'm not going to rule for the [D]efendants on this as a motion in limine. There may be individual things that don't come reasonably within what's been pled, and I'll deal with that on objection at the time. So the motion in limine is denied without prejudice to the [D]efendants to object to specific testimonies.
The trial court gave reasonable grounds for denying Defendants' motion, and further indicated that Defendants were free to raise any objections regarding Plaintiff's evidence of damages at trial. We hold the trial court's denial of Defendants' motion in limine was not "so unreasonable under the facts of the case as to constitute reversible error" and therefore did not constitute an abuse of discretion. Fallis, 132 N.C. App. at 62, 510 S.E.2d at 211. This argument is without merit.
In Defendants' third argument, they contend the trial court erred in admitting certain evidence at trial. We disagree.
"Admission of evidence is `addressed to the sound discretion of the trial court and may be disturbed on appeal only where an abuse of such discretion is clearly shown.' Under an abuse of discretion standard, we defer to the trial court's discretion and will reverse its decision `only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.'"
Cameron v. Merisel Props., 187 N.C. App. 40, 51, 652 S.E.2d 660, 668 (2007) (citations omitted).
At trial, Bill Staley (Staley), a regional manager for Plaintiff, testified concerning the damages allegedly caused by Defendants. Staley was asked if he made a determination of the total cost of damages Plaintiff sustained, and he answered "yes." Staley was then asked the total amount of damages he had calculated, Defendants objected, and their objection was overruled. Staley testified that he could "guess" at the total amount of damages, but that he would need to have his memory refreshed to give an accurate calculation. Staley was presented with a document he had produced, marked as Plaintiff's Exhibit 12, which was tendered by Plaintiff without objection. Staley testified that the document was "a summary of the expenses that we will incur and have incurred." Again, Defendants made no objection. Staley was then asked, and partially answered the following: "Q. How much are the damages that you  A. $470 " at which point Defendants' attorney stated: "Objection, move to strike." This objection was overruled.
It is clear from the transcript that Defendants were objecting to Staley's testimony concerning the total damages he had calculated. Both objections immediately followed questions posed to Staley asking for the amount of total damages. No objection followed the presentation of Exhibit 12 to Staley for the purpose of refreshing his memory. That Defendants were objecting to testimony concerning the total amount of damages, not the use of Exhibit 12 to refresh Staley's memory, is supported by the fact that the only objection following the presentation of Exhibit 12 to Staley came immediately following a question to Staley concerning the amount of damages and his partial answer. This objection wasimmediately followed by a motion to strike Staley's partial response. Defendants do not argue on appeal that the trial court erred in overruling their objections to Staley's damages testimony. Defendants have therefore abandoned any such argument. Dogwood, 362 N.C. at 200, 657 S.E.2d at 367.
Defendants did object to the admission of Exhibit 12 into evidence. [T.2 p. 51] However, this Court has held that it is not an abuse of discretion to admit into evidence written documents used to refresh a witnesses' recollection in certain circumstances. See Stickel v. Stickel, 58 N.C. App. 645, 646-47, 294 S.E.2d 321, 322-23 (1982); Owens v. Green Valley Supply Co., 56 N.C. App. 561, 564, 289 S.E.2d 591, 593 (1982); Chambless v. Chambless, 34 N.C. App. 720, 722, 239 S.E.2d 624, 625 (1977); see also State v. Corn, 307 N.C. 79, 82-83, 296 S.E.2d 261, 264-65 (1982).
More importantly for Defendants' appeal:
[A]n error in the admission of evidence is not grounds for granting a new trial or setting aside a verdict unless the admission amounts to the denial of a substantial right. See N.C.R. Civ. P. 61 (2001); N.C.R. Evid. 103(a) (2001). The burden is on the appellant to not only show error, but also to show that he was prejudiced and a different result would have likely ensued had the error not occurred.
Suarez v. Wotring, 155 N.C. App. 20, 30, 573 S.E.2d 746, 752 (2002) (citations omitted). Defendants make no argument in their brief that they were prejudiced by the admission of this evidence, or that a different verdict would have likely ensued had this evidence not been admitted. Defendants have thus failed in their burden to show any prejudice from the alleged error. This argument iswithout merit.
In Defendants' fourth argument, they contend that the trial court erred in its instruction on damages. We disagree.
The trial court instructed the jury on damages related to Defendants' trespass to Plaintiff's property, which was established by summary judgment in favor of Plaintiff on the issue of liability. On appeal, Defendants argue that the "measure of damages for injury to or destruction of personal property is the difference between its fair market value immediately before and immediately after the injury[.]" Defendants did object to the damages instruction as given by the trial court, but argued in their objection: "Where the injury complained of could be cured by an injunction and the [P]laintiff has asked for an injunction, the [D]efendant does not believe that replacement cost is the correct measure of damages."
Defendants had argued prior to the jury instructions that the trial court should issue an injunction in favor of Plaintiff, and that damages should be calculated pursuant to this injunction. The trial court denied Defendants' request for an injunction in lieu of going to the jury on the damages issue for Defendants' trespass to Plaintiff's property, and Defendants do not argue the denial of their request for an injunction on appeal. Defendants' objection to the damages instruction is different than the issue they are attempting to argue on appeal. Because Defendants did not object to the trial court's instruction on damages on the basis that the proper "measure of damages for injury to or destruction of personal property is the difference between its fair market value immediately before and immediately after the injury," they have not preserved this issue on appeal. N.C.R. App. P. 10(b)(2); Hanna v. Brady, 73 N.C. App. 521, 528, 327 S.E.2d 22, 26 (1985). Further, Defendants' objection came after the jury had retired to consider its verdict, which is also in violation of Rule 10(b)(2), subjecting this argument to dismissal. Id. This argument is without merit.

Plaintiff's Appeal
In Plaintiff's sole argument on appeal, it contends that the trial court erred in directing verdict against Plaintiff on its claim for unfair or deceptive trade practices.
We find that this Court does not have jurisdiction to address Plaintiff's appeal. Plaintiff, in its notice of appeal, purports to appeal from the final judgment entered 20 February 2008 "denying the Plaintiff's claim for a finding and jury charge of unfair and deceptive trade practices by the Defendants." Nowhere in the 20 February 2008 judgment does the trial court deny Plaintiff's claim for unfair or deceptive trade practices, nor deny any request made by Plaintiff to instruct the jury on this claim. The 20 February 2008 final judgment simply states the amount for which the jury determined Defendants were liable based upon Plaintiff's trespass claim, and further states the jury's determination that Plaintiff was not liable to Defendants for trespass. The trial court then ordered the award in the amount the jury determined, $379,376.00, and taxed the costs of the litigation to Defendants. The trial court "dismissed, or entered a directed verdict against," Plaintiff's claim for unfair or deceptive trade practices on 8 February 2008. Plaintiff does not include this order in its notice of appeal.
"Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal by filing notice of appeal with the clerk of superior court . . . ." N.C.R. App. P. 3(a) (2008). "The notice of appeal required to be filed and served by subdivision (a) of this rule . . . shall designate the judgment or order from which appeal is taken and the court to which appeal is taken . . . ." N.C.R. App. P. 3(d) (emphasis added).
"Appellate Rule 3 requirements for specifying judgments are jurisdictional in nature." "`[J]urisdiction cannot be conferred by consent, waiver, or estoppel[;] . . . [j]urisdiction rests upon the law and the law alone.'" "As such, the appellate court obtains jurisdiction only over the rulings specifically designated in the notice of appeal as the ones from which the appeal is being taken." "Without proper notice of appeal, this Court acquires no jurisdiction."
Warner v. Brickhouse, ___ N.C. App. ___, ___, 658 S.E.2d 313, 316 (2008) (internal citations omitted); see also Bailey v. North Carolina Dep't of Revenue, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000); In re L.L., 172 N.C. App. 689, 696, 616 S.E.2d 392, 396 (2005). Because the record contains no notice of appeal by Plaintiff from the trial court's 8 February 2008 order disposing of Plaintiff's unfair or deceptive trade practices claim, this Court is without jurisdiction to consider Plaintiff's appeal. Id. Plaintiff's appeal is therefore dismissed.
Affirmed.
Judges JACKSON and HUNTER, JR. concur.
Report per Rule 30(e).